## Ex parte FRIDAY.

*(District Court, N. D. New York. October 17, 1890.)*

**1. CRIMINAL LAW—SENTENCE—ENTRY AT SUBSEQUENT TERM.**

The terms of the supreme court of the District of Columbia are appointed by the court in general term, pursuant to 25 U. S. St. at Large, 749, to begin on the first Tuesdays of January, April, and October. The rules of court provide for the prolongation of a term only for the purpose of signing and settling bills of exceptions. *Held,* that one term could not be continued after the commencement of the next succeeding term, and a judgment entered in July, under the heading "January Term, 1890, cont'd," by which a sentence pronounced at the January term, 1890, is set aside as invalid, and a new sentence pronounced, is void.

**2. SAME—IMPRISONMENT IN STATE PENITENTIARY.**

Rev. St. U. S. § 5541, provides that when a person convicted of an offense against the United States is sentenced to imprisonment "for a period longer than one year," the sentence may be executed in a state penitentiary. *Held,* that a sentence in such case of imprisonment "for one year" in a state penitentiary is not void, but, if objectionable at all, is merely irregular, in that imprisonment in a state penitentiary for a period not "longer than one year" is imposed.

**3. SAME—LENGTH OF TERM—HARD LABOR.**

Rev. St. U. S. § 5541, provides that when "any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year" the sentence may be executed in a state penitentiary. Section 5542 provides that "in every case where any criminal convicted of any offense against the United States is sentenced to imprisonment and confinement at hard labor," the sentence may be executed in a state penitentiary. *Held,* that section 5541 applies to cases where the punishment is imprisonment only, while section 5542 applies to cases where the punishment is imprisonment at hard labor, and where a person is convicted of an offense against the United States, punishable by imprisonment at hard labor, the sentence may be executed in a state penitentiary, though it is not "for a period longer than one year." Explaining *In re Mills,* 10 Sup. Ct. Rep. 762, 135 U. S. 263.

**4. SAME—PENITENTIARY OFFENSES.**

Rev. St. D. C. § 1144, provides that a person convicted, among other offenses, of larceny, shall be imprisoned "in the penitentiary" for a certain period. Section 1158 provides that a person convicted of grand larceny "shall be sentenced to suffer imprisonment and labor" for a period not less than one year. *Held* that, where a person is convicted of grand larceny, sentence can be executed only in a penitentiary.

At Law.

Application by Kate Friday for a discharge on a writ of *habeas corpus.* Sections 5541 and 5542 of the Revised Statutes of the United States are as follows:

"Sec. 5541. In every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose.

"Sec. 5542. In every case where any criminal convicted of any offense against the United States is sentenced to imprisonment and confinement to hard labor it shall be lawful for the court by which the sentence is passed to order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose."

*Charles A. Talcott,* for the petitioner.

*D. S. Alexander,* U. S. Dist. Atty., and *John E. Smith,* Asst. U. S. Dist. Atty., opposed.

COXE, J. The petitioner was, in 1889, indicted for larceny, at the October term of the supreme court of the District of Columbia, holding a criminal term. The indictment contained three counts. At the January term, 1890, the petitioner was tried and convicted upon all the counts. A motion for a new trial was made and denied, and on the 15th of March, 1890, still of the January term, she was sentenced on the first count to be imprisoned at labor in the Albany county penitentiary for one year, on the the third count to be imprisoned at labor in the same penitentiary for one year additional, and on the second count to be imprisoned in the jail of the District of Columbia for 30 days. Notice of appeal to the court in general term was thereupon given. The duly-certified records of the court, presented upon the argument, show that on the 9th of July, 1890, under the heading "January Term, 1890, cont'd," the defendant was brought into court, and the sentence previously pronounced on the 15th of March was set aside as invalid, and one that could not be carried into effect in view of the decision of the supreme court in *Re Mills*, 135 U. S. 263, 10 Sup. Ct. Rep. 762. A new sentence was thereupon pronounced, like the first in every particular, except that the terms in the penitentiary were increased, being for a year and a day in each instance. The terms of the criminal court for the District of Columbia for the year 1890 began on the first Tuesdays of January, April, and October. The superintendent of the Albany penitentiary attaches to his return what purports to be a certified copy of the record of the supreme court of the District of Columbia, and he states that this is his sole authority for holding the petitioner. This record is dated July 9th, and recites that the petitioner was indicted, tried, convicted, and sentenced to imprisonment for one year and one day upon the first and third counts, respectively. The petitioner asks to be released, for the following reasons: *First.* The sentence being cumulative is erroneous. *Second.* The sentence was partly executed by imprisonment from March 15th to July 9th in the district jail, and could not thereafter be changed, even at the same term. *Third.* The January term, 1890, expired upon the commencement of the April term, and a sentence imposing additional penalties could not be pronounced after the term at which the petitioner was convicted and first sentenced.

The proposition that the court, on the 9th of July, had no jurisdiction to expunge the sentence of March 15th, and pronounced one imposing a longer imprisonment, states, in my judgment, the petitioner's strongest ground of relief. In opposition to this position two conflicting theories are advanced. The district attorney maintained at the outset that the first sentence was absolutely void, and the case should be treated as if it had been continued upon the verdict until July 9th, the sentence then pronounced being the only valid sentence. Subsequently the conflicting theory was advanced that the first sentence was in no way affected by the *Mills Case*, that it was valid and is now being executed, and the proceedings of July 9th, being at a subsequent term, were beyond the jurisdiction of the court, and should be treated as null. In answer to the latter view it is deemed sufficient to say that the return of

the superintendent of the penitentiary only authorizes him to hold the petitioner under the second sentence. No reference is made in the return to any proceedings prior to July 9th. The prison authorities cannot hold her upon a sentence delivered four months before, of which they have never heard, even though the sentence were valid. If the sentence of July 9th is void the petitioner must be released. So the question is, had the court jurisdiction to pronounce the sentence of that date? In a paper submitted by the United States district attorney for the District of Columbia it is apparently conceded that the second sentence was not pronounced at the same term as the first, for he says:

"On the 9th of July (in the April term) the sentence of the previous term was set aside in consequence of the decision of the U. S. supreme court in the *Mills Case.*"

It is thought that this view is the correct one. The January term could not have been kept alive after the commencement of the April term for the purpose of revoking sentences theretofore given and pronouncing new ones. The rules of the court provide for the prolongation of the term for the purpose of settling and signing bills of exceptions, and for this purpose only. The terms of the supreme court of the District of Columbia are appointed by the court in general term, but this is done pursuant to statute, (25 St. at Large, 749,) and the terms when thus fixed have the same stability as if designated by an act of congress. Section 845 of the Revised Statutes, relating to the District of Columbia, provides, not for a suspension of the sentence, but for a postponement of the execution of the sentence, to enable the convicted party to apply for a writ of error, and the postponement shall in no case exceed 30 days after the end of the term. Clearly, this section in no way aids the validity of the second sentence. The proposition that when a term of court begins the prior term ends is firmly established, and I see nothing in the statutes relating to the supreme court of the District of Columbia to take it out of the general rule. As was said by Mr. Justice CLIFFORD in the dissenting opinion in *Ex parte Lange,* 18 Wall. 192:

"Every term continues until the call of the next succeeding term, unless previously adjourned *sine die;* and until that time the judgment may be modified or stricken out. *Noonan* v. *Bradley,* 12 Wall. 129; *King* v. *Justices,* 1 Maule & S. 442."

As the January term could not be continued till July 9th, it follows that the sentence of that date, under which the petitioner is held, was pronounced at the April term, three months after its commencement. I do not understand that it is now contended that a valid sentence made at one term can be set aside and a different and more severe sentence pronounced at a subsequent term. The rule that this cannot be done is unquestioned. 1 Bish. Crim. Proc. § 1298; *Com.* v. *Weymouth,* 2 Allen, 144; 1 Starkie, Crim. Pl. 262; *Miller* v. *Finkle,* 1 Park. Crim. R. 374; 2 Hawk. P. C. p. 634, c. 48, § 20; *Rex* v. *Price,* 6 East, 327; *Com.* v. *Mayloy,* 57 Pa. St. 291.

It is suggested, however, that the proceedings of May 15th were absolutely void under the decision in the *Mills Case,* so that the court was

justified in treating the case as one standing on the verdict where the sentence had, in the mean time, been suspended. As a matter of fact the case was not continued upon the verdict under a suspended sentence. This would seem sufficient, but various other answers suggest themselves. Three only will be considered.

1. Assuming, for a moment, that the doctrine of the *Mills Case* is applicable, it is thought that the first judgment was not absolutely void. It was irregular, but it was not a nullity. A wrong place of imprisonment was designated. But this was not necessarily a part of the sentence, and the judgment would have been perfectly regular if at any time during the January term the place of imprisonment had been changed from the penitentiary to the jail. *Ex parte Waterman*, 33 Fed. Rep. 29. So, too, an amendment increasing the term of imprisonment, if made at the same term, would, probably, have cured the defect. The language of Mr. Justice MILLER in the *Lange Case*, *supra*, is applicable. He says, (page 174:)

"And so it is said that the judgment first rendered in the present case, being erroneous, must be treated as no judgment, and, therefore, presenting no bar to the rendition of a valid judgment. The argument is plausible but unsound. The power of the court over that judgment was just the same, whether it was void or valid. If the court, for instance, had rendered a judgment for two years' imprisonment, it could no doubt, on its own motion, have vacated that judgment during the term, and rendered a judgment for one year's imprisonment; or, if no part of the sentence had been executed, it could have rendered a judgment for two hundred dollars fine after vacating the first. Nor are we prepared to say, if a case could be found where the first sentence was wholly and absolutely void, as where a judgment was rendered when no court was in session, and at a time when no term was held,—so void that the officer who held the prisoner under it would be liable, or the prisoner at perfect liberty to assert his freedom by force,—whether the payment of money or imprisonment under such an order would be a bar to another judgment on the same conviction. On this we have nothing to say, for we have no such case before us. The judgment first rendered, though erroneous, was not absolutely void. It was rendered by a court which had jurisdiction of the party and of the offense, on a valid verdict."

It seems very clear that in no aspect of the case can the judgment of March 15th be treated as so absolutely invalid that it could be wholly ignored.

2. Was the first judgment even irregular, was it in any manner affected by the decision in the *Mills Case?* I think not, and for the following reasons: Mills was imprisoned for one year under section 3242 of the Revised Statutes, as amended February 8, 1875, (18 St. at Large, 307,) which provides for imprisonment (not at hard labor) for not less than 30 days or more than two years. The court decides that "a sentence simply of 'imprisonment,' in the case of a person convicted of an offense against the United States,—where the statute prescribing the punishment does not require that the accused shall be confined in a penitentiary,—cannot be executed by confinement in a penitentiary, except in cases in which the sentence is 'for a period longer than one year.'" It is thought that the supreme court did not intend this decision to apply

to a sentence under a section of the statutes making it the imperative duty of the court to impose hard labor. To hold that it does apply makes the enforcement of some of the most important sections of the Revised Statutes simply impossible. Very many of these sections require imprisonment at hard labor, leaving the term entirely in the discretion of the court. "At hard labor for not more than three years," or "not more than five years," or "not more than ten years," is the language of the law. Cases constantly arise under these sections where the court is of the opinion that the ends of justice are fully met by an imprisonment at hard labor for less than a year, and often for less than six months. Other sections fix the term absolutely at less than a year. Take section 5471, for instance:

"And any person who shall take or steal any mail or package of newspapers from any post-office, or from any person having custody thereof, shall be imprisoned at hard labor for not more than three months."

If the view which induced a change of the March judgment in this case is correct, how can a sentence under these sections be executed? Certainly not in a penitentiary, for the judge is precluded, in the one case by his conscience and in the other by the express language of the law, from making the term of imprisonment longer than a year. And not in a county jail, surely, for the statutory condition of hard labor cannot be executed in a jail. But an additional, and to my mind unanswerable, argument is found in section 5542 of the Revised Statutes, which is the section immediately following the one considered in the *Mills·Case.* It provides:

"In every case where any criminal convicted of any offense against the United States is sentenced to imprisonment and confinement to hard labor, it shall be lawful for the court by which the sentence is passed to order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose."

This has been the law since March 3, 1825. 4 St. at Large, 118. Section 5541, passed 40 years later, applies to cases of imprisonment only, and such imprisonment can be in a penitentiary only when the sentence is for a period longer than one year. Section 5542 relates to crimes requiring imprisonment at hard labor, and provides for the execution of the sentence in a penitentiary, without any reference to the length of the imprisonment. It is difficult to see how language could be selected more clearly emphasizing the evident distinction in the minds of the law-makers between imprisonment only and imprisonment at hard labor. In the one case the imprisonment may be in a penitentiary if longer than one year; in the other the imprisonment, whether for six years or six months, may be in a penitentiary or state prison.

Turning now to the record in the case at bar there can be little doubt that it was one requiring imprisonment in a penitentiary. The petitioner was convicted of grand larceny, an infamous offense and a felony at common law. Section 1144, Rev. St. D. C., provides that any person convicted in any court in the District of any of a number of offenses,

larceny being one, shall be sentenced to suffer punishment by imprisonment "in the penitentiary" for the periods respectively prescribed in the chapter relating to crimes and offenses.   Section 1158, Id., provides that every person convicted of grand larceny "shall be sentenced to suffer imprisonment and labor" for a period not less than one year or more than three years.   From these sections it would seem clear that the court was entirely correct, if he thought the punishment sufficient, in fixing the term at one year, and that under the language, "at labor" and "in the penitentiary," just quoted, he was compelled by law to order the sentence executed in a penitentiary.   The case would seem to be directly within the exception pointed out in the *Mills Case*, where the statute prescribing the punishment does require that the accused shall be confined in a penitentiary.

3.  In view of the foregoing I have not deemed it necessary to inquire whether the imprisonment prescribed by the first sentence was not for a period longer than one year.   The term of imprisonment was *de facto* for two years—one year on each count.   There was but one indictment, one trial, and one judgment.   Did the fact that the judgment required two terms of one year instead of one term of two years preclude the court from considering it as one case?   *Carlton* v. *Com.*, 5 Mctc. (Mass.) 532. Was it not "a case" where the person convicted was "sentenced to imprisonment for a period longer than one year" within section 5541? An affirmative answer would seem to be a common-sense answer.   An interpretation of the law should be sought which will permit the courts charged with the practical execution of the criminal law to administer it not only with a due regard for the interests of the public, but for the benefit of the criminal as well.   Every reasonable construction should be adopted which enables the courts to send convicted criminals to the penitentiaries, where they are taught habits of industry and are surrounded by salutary influences, rather than to those hot-beds of idleness and crime, the county jails.

To recapitulate.   It is thought that the following propositions are established:   *First*.  The court had no power to continue the January session until the 9th of July—long after the April term had commenced—for the purpose of vacating the March sentence and pronouncing a new one.   *Second*.  The first sentence was vacated, and the second sentence passed not at the January but at the next term, the April term, of the court.   *Third*. The first sentence was valid, and the court had no power at the April term to pronounce a new sentence increasing the term of petitioner's imprisonment.   *Fourth*.  The second sentence being invalid and the superintendent of the penitentiary holding the petitioner upon no other judgment, it follows that she is entitled to a release.   Discharge granted.