UNITED STATES v. THOMPSON.

(District Court, N. D. California, First Division. December 30, 1912.)

No. 5,119.

1. CRIMINAL LAW (§ 995*)—SENTENCE ON CONVICTION ON DIFFERENT COUNTS —CONSTRUCTION—"SINGLE SENTENCE."

A judgment in a criminal case, designating different and consecutive periods of imprisonment of a defendant on different counts in the same indictment, does not constitute separate and distinct sentences for each period, but a "single sentence" for the aggregate period.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2518, 2521, 2523–2526, 2528½, 2530, 2536–2543; Dec. Dig. § 995.*]

2. CRIMINAL LAW (§ 1218*)—SENTENCE—CONSTRUCTION OF STATUTE—WHITE SLAVE TRAFFIC ACT.

On conviction of a defendant of violation of White Slave Traffic Act June 25, 1910, c. 395, 36 Stat. 825 (U. S. Comp. St. Supp. 1911, p. 1343), it is competent for the court to sentence him to imprisonment in a penitentiary for a longer or shorter period than one year.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3320–3328; Dec. Dig. § 1218.*]

Criminal prosecution by the United States against Carter Thompson. On motion by defendant to amend judgment. Denied.

Benjamin L. McKinley, Asst. U. S. Atty.
Sea & Fallon, of San Francisco, Cal., for defendant.

VAN FLEET, District Judge. Defendant was convicted on an indictment charging him with a violation of the White Slave Traffic Act, so called, an offense made a felony, punishable by imprisonment for not to exceed five years, etc. (36 Stat. at Large, 825), and was sentenced to imprisonment in the federal penitentiary at McNeil's Island for an aggregate term of 18 months—a period of one year on the first count and 6 months on the second, the two to run consecu-

tively. Treating these two periods as constituting separate sentences, the defendant now moves to correct or amend the judgment, by changing the direction therein as to the place of confinement from the penitentiary to a county jail, upon the asserted ground that the court was without power to sentence him to undergo imprisonment in a penitentiary under its judgment.

The contention is based upon the ruling in Re Mills, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107. In that case the defendant had been convicted of two several offenses prosecuted under separate indictments, but consolidated for trial, and was sentenced to a term of one year under one indictment and six months under the other; the judgments being necessarily separate and distinct, but both directing execution thereof by confinement in a penitentiary. The offenses charged were not in terms denounced as felonies, one being for selling liquor without a license, and the other for unlawfully importing liquor into the Indian Territory, and there was then no provision of the federal statute defining a felony. Under these circumstances it was held that, in view of the language of section 5541, R. S. (U. S. Comp. St. 1901, p. 3721), it was not competent for the court to direct the judgments to be executed by confinement in a penitentiary, neither of them embracing a term longer than one year; the court saying:

"A sentence simply of 'imprisonment' in the case of a person convicted of an offense against the United States—where the statute prescribing the punishment does not require that the accused shall be confined in a penitentiary—cannot be executed by confinement in a penitentiary, except in cases where the sentence is 'for a period longer than one year.' In neither of the cases against the accused was he sentenced to imprisonment for a period longer than one year."

[1] The circumstances of that case are in no substantial respect parallel with the present, and in my judgment the ruling there made has no application to the facts involved here. In the first place, the defendant is, I think, mistaken in the assumption that he has been subjected to two separate sentences. The designation of separate periods under different counts of the same indictment, the second to commence coincident with the expiration of the first, does not, in my judgment, constitute separate sentences, but a single sentence, made up of the aggregate period specified, and constitutes but one punishment, evidenced by one and the same judgment. I am aware that the Mills Case seems to have been construed by some of the federal courts as holding that a judgment like the present, designating different periods of confinement upon different counts of the same indictment, constitutes separate and distinct sentences for each period; but neither the facts of that case nor anything said by the court support that view, and it is evidently based upon a misapprehension.

In the next place, the offenses involved in that case are not in the same category as that charged in the present indictment. As suggested, this offense is expressly denominated a felony, and a felony is now defined in the Criminal Code, § 335 (Act March 4, 1909, c. 321, 35 Stat. 1152 [U. S. Comp. St. Supp. 1911, p. 1687]) as an offense "which may be punished by death or imprisonment for a term ex-

ceeding one year." Defendant's offense is therefore an infamous crime. As stated in Ex parte Wilson, 114 U. S. 417, 426, 5 Sup. Ct. 935, 939 (28 L. Ed. 89), in determining whether a crime is infamous within the meaning of the Constitution, the inquiry is whether it "is one for which the statute authorizes the court to award an infamous punishment, not whether the punishment ultimately awarded is an infamous one." And in Mackin v. United States, 117 U. S. 348, 352, 6 Sup. Ct. 777, 779 (29 L. Ed. 909), it is said:

"We cannot doubt that at the present day imprisonment in a state prison or penitentiary, with or without hard labor, is an infamous punishment. It is not only so considered in the general opinion of the people, but it has been recognized as such in the legislation of the states and territories, as well as of Congress."

[2] The offense, being thus shown to be an infamous one, is to be punished as such; and to hold that such an offense, where no minimum is fixed, may not competently be punished by imprisonment in a penitentiary, whether for a longer or shorter period than one year, as discretion may dictate, is to deprive the term "felony" of the meaning which it has always carried, not only at common law, but under the statutes of all the states, and a meaning which it would seem to have, as well, under the Criminal Code. In this connection it is pertinent to notice the language of section 338 of that Code, which reads:

"The omission of the words 'hard labor' from the provisions prescribing the punishment in the various sections of this act shall not be construed as depriving the court of the power to impose hard labor as 'a part of the punishment in any case where said power now exists."

While the language of section 5541 is comprehensive, and, standing alone, might be regarded as broad enough to cover a case like the present, I am of opinion that, in view of these provisions of the Criminal Code, which must be read in conjunction with it, that construction cannot now obtain without doing violence to the very obvious purpose of Congress to work a material change in dealing with those offenses which fall within its classification of felonies. Nor do I think it can be justly regarded as the intention of the court in the Mills Case to include such a case as within the limitation of that section. As aptly stated in considering the effect of that case upon a cognate question in Ex parte Friday (D. C.) 43 Fed. 916, 919, 920:

"It is thought that the Supreme Court did not intend this decision to apply to a sentence under a section of the statutes making it the imperative duty of the court to impose hard labor. To hold that it does apply makes the enforcement of some of the most important sections of the Revised Statutes simply impossible. Very many of these sections require imprisonment at hard labor, leaving the term entirely in the discretion of the court. 'At hard labor for not more than three years,' or 'not more than five years,' or 'not more than ten years,' is the language of the law. Cases constantly arise under these sections where the court is of the opinion that the ends of justice are fully met by an imprisonment at hard labor for less than a year, and often for less than six months. Other sections fix the term absolutely at less than a year."

These considerations apply with equal force here, and I am of opinion, for the reasons stated, that the judgment as rendered is en-

tirely within the law. Under the opposite view, it would be impossible in many cases to "make the punishment fit the crime." The motion will be denied.