# IN RE MILLS, Petitioner.

ORIGINAL.

No. 4. Original. Submitted April 3, 1890.—Decided April 28, 1890.

The words "punishable by imprisonment at hard labor" in the act of March 1, 1889, 25 Stat. 783, c. 333, "to establish a United States court in the Indian Territory, and for other ·purposes," embrace offences which, although not imperatively required by statute to be so punished, may, in the discretion of the court, be punished by imprisonment in a penitentiary.

Where a statute of the United States prescribing a punishment by imprisonment does not require that the accused shall be confined in a penitentiary, a sentence of imprisonment cannot be executed by confinement in a penitentiary, unless the sentence is for a period longer than one year.

A judgment of a district court sentencing a prisoner who had pleaded guilty to two indictments, for offences punishable by imprisonment, but not required to be in a penitentiary, to imprisonment in a penitentiary, in one case for a year and in the other for six months, is in violation of the statutes of the United States.

HABEAS CORPUS. On the 4th of November, 1889, *Mr. Van H. Manning* presented a petition for the writ. Leave was granted, November 11th, and a rule to show cause issued, returnable on the first Monday of December then next. Return was made, and on the 5th of December leave was granted to proceed *in formâ pauperis*, and on the 3d of April the petition for the writ was filed and submitted.

*Mr. Van H. Manning* and *Mr. Thomas Marcum* for the petitioner.

*Mr. Assistant Attorney General Maury* opposing.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is an original application to this court for a writ of *habeas corpus*. Leave to file the petition having been given, a rule was granted against the warden of the State Penitentiary at Columbus, Ohio, in which the petitioner was imprisoned, requiring him to show cause why the writ should not be

issued. The return to that rule shows that the petitioner was received by the respondent, August 1, 1889, from the marshal of the United States for the Western District of Arkansas, pursuant to a judgment of the District Court of the United States for that district, sentencing the prisoner to confinement in that penitentiary.

It appears that the prisoner was charged by indictment in the District Court of the United States for the Western District of Arkansas with the offence of having, on the 7th day of July, 1889, "at the Creek Nation, in the Indian country," within that district, unlawfully engaged in and carried on the business of a retail liquor dealer without having first paid the special tax required by law. The indictment was based upon section 3242 of the Revised Statutes, providing that "every person who carries on the business of a . . . retail liquor dealer, . . . without having paid the special tax as required by law, shall, for every such offence, be fined not less than one thousand dollars nor more than five thousand dollars, and be imprisoned not less than six months nor more than two years." Upon a plea of guilty, the court adjudged that the accused be imprisoned in the Ohio State Penitentiary, at Columbus, for the term and period of one year, and pay to the United States a fine of one hundred dollars, and its costs in the prosecution expended.

It also appears that the petitioner was charged by indictment in the same court with the offence of having on the 7th of July, 1889, "at the Creek Nation, in the Indian country," unlawfully introduced into that country, in said district, spirituous liquors, to wit, one gallon of whiskey. That indictment was based upon section 2139 of the Revised Statutes, providing: "No ardent spirits shall be introduced, under any pretence, into the Indian country. Every person who sells, exchanges, gives, barters or disposes of any spirituous liquor or wine to any Indian under the charge of any Indian superintendent or agent, or introduces or attempts to introduce any spirituous liquor or wine into the Indian country, shall be punishable by imprisonment for not more than two years, and by a fine of not more than three hundred dollars." Rev. Stat.

§ 2139, as amended by the act of Feb. 27, 1877, 19 Stat. 244, c. 69. Upon a plea of guilty, it was adjudged that the accused be imprisoned in the same penitentiary for the period of six months, and pay to the government a fine of fifty dollars, together with its costs ; also, that this term of imprisonment commence and date from the expiration of the term of one year, for which he was sentenced in the other case.

The petition for the writ of *habeas corpus* proceeds upon the ground that the court which passed the above sentences was without jurisdiction of the offences charged, and that sole and exclusive jurisdiction thereof was in the court established by the act of Congress, passed March 1, 1889, entitled, " An act to establish a United States court in the Indian Territory, and for other purposes." 25 Stat. 783, c. 333. This question will be first examined.

As the country lying west of Missouri and Arkansas known as the Indian Territory was within the Western District of Arkansas when the above act of March 1, 1889, was passed, and as the district courts have jurisdiction of all crimes and offences cognizable under the authority of the United States, and committed within their respective districts, Rev. Stat. §§ 533, 563, it cannot be disputed that the court below had jurisdiction of the offences charged against the petitioner, unless its jurisdiction was taken away by the act establishing a court in the Indian Territory. That act establishes "a United States court" with jurisdiction extending over the Indian Territory, bounded on the north by Kansas, on the east by Missouri and Arkansas, on the south by Texas, and on the west by Texas and the Territory of New Mexico. Its criminal jurisdiction is thus declared in the fifth section of the act : " That the court hereby established shall have exclusive original jurisdiction over all offences against the laws of the United States committed within the Indian Territory as in this act defined, not punishable by death or by imprisonment at hard labor." As the offences charged against the petitioner were offences against the United States, and were committed in the Indian Territory, the question as to the jurisdiction of the court established by this act depends upon the meaning that may

be given to the words "punishable . . . by imprisonment at hard labor." There are offences against the United States for which the statute, in terms, prescribes punishment by imprisonment at hard labor. There are others, the punishment of which is "imprisonment" simply. But, in cases of the latter class, the sentence of imprisonment — if the imprisonment be for a longer period than one year (§ 5541) — may be executed in a state prison or penitentiary, the rules of which prescribe hard labor. These statutory provisions were referred to in *Ex parte Karstendick*, 93 U. S. 396, 399, where Chief Justice Waite, delivering the opinion of the court, said: "In cases where the statute makes hard labor a part of the punishment, it is imperative upon the court to include that in its sentence. But where the statute requires imprisonment alone, the several provisions which have just been referred to place it within the power of the court, at its discretion, to order execution of its sentence at a place where labor is exacted as part of the discipline and treatment of the institution or not, as it pleases. Thus a wide range of punishment is given, and the courts are left at liberty to graduate their sentences so as to meet the ever-varying circumstances of the cases which come before them."

In view of this condition of the law at the time of the passage of the act creating a United States court in the Indian Territory, there is fair ground for dispute as to the true interpretation of the words "punishable . . . by imprisonment at hard labor." An offence which the statute imperatively requires to be punished by imprisonment "at hard labor," and one that must be punished by "imprisonment," but the sentence to which imprisonment the court may, in certain cases, and in its discretion, require to be executed in a penitentiary where hard labor is prescribed for convicts, are, each, "punishable" by imprisonment at hard labor. The former offence certainly must be thus punished; and as the latter may, in the discretion of the court, be so punished, it may, also, and not unreasonably, be held to be "punishable" by imprisonment at hard labor. Shall the act of Congress be so interpreted as to exclude from the jurisdiction of the court established in the

Indian Territory, an offence which the statute imperatively requires to be punished by imprisonment at hard labor, and include within its jurisdiction offences for which the court, in its discretion, may sentence the accused to imprisonment in a penitentiary whose rules require hard labor upon the part of its inmates?

It would seem that the same considerations of public policy that induced Congress to exclude the former from the jurisdiction of the new court would demand the exclusion of the latter. It must be remembered, in this connection, that prior to the passage of the act of March 1, 1889, this court decided, in respect to crimes against the United States that are punishable by "imprisonment," that being punishable by imprisonment in a state prison or penitentiary, they are infamous, within the meaning of the Fifth Amendment of the Constitution, whether the accused is or is not put to hard labor, and, therefore, can be proceeded against only by presentment or indictment of a grand jury. In *Ex parte Wilson*, 114 U. S. 417, 426, it was said that, in determining whether a crime was infamous within the meaning of the Constitution, the question is whether it " is one for which the statutes authorize the court to award an infamous punishment, not whether the punishment ultimately awarded is an infamous one." And in *Mackin* v. *United States*, 117 U. S. 348, 352, the court said : " We cannot doubt that at the present day imprisonment in a state prison or penitentiary, with or without hard labor, is an infamous punishment. It is not only so considered in the general opinion of the people, but it has been recognized as such in the legislation of the States and Territories, as well as of Congress." Now, it is significant that the act establishing a United States court in the Indian Territory makes no provision for a grand jury, although it does provide for petit juries in civil and criminal cases. A grand jury, by which presentments or indictments may be made for offences against the United States, is a creature of statute. It cannot be empanelled by a court of the United States by virtue simply of its organization as a judicial tribunal. The provisions of the Revised Statutes relating to the empanelling of grand

juries for the District and Circuit Courts (Title 13, c. 15) do not apply to the court established in the Indian Territory by the act of March 1, 1889; for, although the latter is a court of the United States, it is not a District or Circuit Court of the United States. *Reynolds v. United States*, 98 U. S. 145, 154; *Ex parte Farley, Ex parte Wilson*, 40 Fed. Rep. 66.

We think it apparent from the very face of the act of March 1, 1889, that Congress did not intend to invest the court created by it with power to organize a grand jury, or with jurisdiction of offences that could not be proceeded against except on the presentment or indictment of a grand jury. The offences with which the petitioner Mills were charged could not be proceeded against by information for the reason that, being "punishable" by imprisonment in a state prison or penitentiary, he could not be required to make answer thereto except on the presentment or indictment of a grand jury.

These considerations justify us in holding, as we do, that the words "punishable . . . by imprisonment at hard labor," in the act of March 1, 1889, embrace offences which, although not imperatively required by statute to be so punished, may, in the discretion of the court, be punished by imprisonment in a penitentiary. This interpretation will best effectuate the intention of Congress. A different interpretation would impute to Congress a purpose to invest the court, established by that act for the Indian Territory, with jurisdiction of offences which it could not punish, for the want of authority to empanel a grand jury to return presentments or indictments against the offenders.

It results that the jurisdiction of the court below of the offences charged against the petitioner was not affected by the act of March 1, 1889, creating a United States court in the Indian Territory.

If the application for the writ depended upon the question of the jurisdiction of the District Court of the United States for the Western District of Arkansas, of the offences with which the petitioner was charged, it would be denied. But the petition alleges that his detention in the penitentiary, under

the above sentences, is contrary to the laws of the United States. It is our duty to inquire whether or not that point be well taken. If it appears on the face of the papers, that apart from any question as to whether the court below, or the United States court established in the Indian Territory by the act of March 1, 1889, had exclusive original jurisdiction of the offences with which the petitioner was charged, his detention in a penitentiary is in violation of the laws of the United States, he is entitled to be discharged from the custody of the warden of that institution. *Ex parte Royall,* 117 U. S. 241, 248.

It is provided by section 5541 of the Revised Statutes that "in every case where any person convicted of any offence against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the State for that purpose;" by section 5546, that "all persons who have been, or who may hereafter be, convicted of crime by any court of the United States whose punishment is imprisonment in a district or territory where, at the time of conviction, or at any time during the term of imprisonment, there may be no penitentiary or jail suitable for the confinement of convicts, or available therefor, shall be confined during the term for which they may have been or may be sentenced, or during the residue of said term, in some suitable jail or penitentiary in a convenient State or Territory, to be designated by the Attorney General;" and by section 5547, that "the Attorney General shall contract with the managers or proper authorities having control of such prisoners, for the imprisonment, subsistence, and proper employment of them, and shall give the court having jurisdiction of such offences notice of the jail or penitentiary where such prisoners will be confined."

Assuming that the penitentiary at Columbus, Ohio, has been designated as one in which a judgment of the court below, sentencing to imprisonment a person found guilty of an offence

against the United States, may be executed, whenever the sentence is one that may be ordered to be executed in a state prison or penitentiary, we are of opinion that the sentences, under which the petitioner was committed to that institution, are not of that class. A sentence simply of "imprisonment," in the case of a person convicted of an offence against the United States — where the statute prescribing the punishment does not require that the accused shall be confined in a penitentiary — cannot be executed by confinement in a penitentiary, except in cases in which the sentence is "for a period *longer* than one year. In neither of the cases against the accused was he sentenced to imprisonment for a period longer than one year. In one case, the imprisonment was "for the term and period of one year;" in the other, "for the term and period of six months." There is consequently, no escape from the conclusion that the judgment of the court sentencing the petitioner to imprisonment in a penitentiary, in one case for a year and in the other for six months, was in violation of the statutes of the United States. The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which the court below transcended its powers. *Ex parte Lange*, 18 Wall. 163, 176; *Ex parte Parks*, 93 U. S. 18, 23; *Ex parte Virginia*, 100 U. S. 339, 343; *Ex parte Rowland*, 104 U. S. 604, 612; *In re Coy*, 127 U. S. 731, 738; *Hans Nielsen, Petitioner*, 131 U. S. 176, 182.

Such is the effect of section 5541, which is, in part, and without substantial change, a reproduction of the third section of the act of March 3, 1865, entitled "An act regulating proceedings in criminal cases, and for other purposes." 13 Stat. 500, c. 86. That section provides : "That in every case where any person convicted of any offence against the United States shall be sentenced to imprisonment for a period longer than one year, it shall be lawful for the court by which the sentence is passed to order the same to be executed in any state prison or penitentiary within the district or state where such court is held, the use of which prison or penitentiary is

allowed by the legislature of such state for such purposes; and the expenses attendant upon the execution of such sentence shall be paid by the United States." The words "state jail" in section 5541, and "state prison" in the act of 1865 mean the same thing.

For the reasons stated, we are of opinion that the detention of the petitioner by the respondent, the Warden of the Penitentiary at Columbus, Ohio, is in violation of the laws of the United States. The rule is, therefore, made absolute. The petitioner is entitled to the writ of *habeas corpus.*

*Writ granted.*