## Ex parte KOZLOWSKI.

(District Court, D. Delaware. November 12, 1921.)

No. 8.

1. **Habeas corpus** &#8658;45(3)—**Authority of federal court to discharge state prisoner.**

On petition to a federal court for a writ of habeas corpus by one held in jail by state officers, under Rev. St. § 753 (Comp. St. § 1281), the questions presented are: (1) Whether petitioner is held in custody in violation of the Constitution of the United States; and, if so, then (2) whether the facts and circumstances of the detention are such as to warrant the exercise of the discretion vested in the federal court in favor of the prisoner's discharge.

2. **Constitutional law** &#8658;270—**Excessive sentence is not due process of law.**

One held in prison under a sentence which the court was without jurisdiction to impose is deprived of his liberty without due process of law, in violation of the Fourteenth Amendment.

3. **Habeas corpus** &#8658;111(1)—**Prisoner held under void sentence discharged.**

Petitioner was arrested and convicted before a municipal court for failing to provide for his family under Rev. Code Del. 1915, § 3034, which authorizes a fine or imprisonment not exceeding one year on conviction. Sections 3037 and 3040 provide that either before or after conviction the court may parole the defendant under an order requiring him to pay a stated sum periodically to a trustee, and that on information and due proof that he has violated such order the court may "proceed with the trial or * * * enforce the suspended sentence as the case may be." Petitioner was paroled, and was afterward served with a subpœna to appear and testify, and thereupon was ordered "to be committed until the arrearages are paid, and to give bond in the sum of $500, with surety, for compliance with the order." Under such order without mittimus or other commitment paper, petitioner was held in jail by the police. *Held*, that the court was without jurisdiction to impose any sentence other than that prescribed by the statute, that the order was void, and that petitioner was entitled to discharge on a writ of habeas corpus by a federal court.

Habeas Corpus. In the matter of the petition of Victor Kozlowski for writ of habeas corpus. Writ granted, and petitioner discharged.

&#8658;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Robert Adair, of Wilmington, Del., for petitioner.

Percy Warren Green, of Wilmington, Del., for respondent George Black.

MORRIS, District Judge. Victor Kozlowski, being a prisoner in the custody of George Black, superintendent of police of the city of Wilmington, state of Delaware, presented to this court his duly verified petition for a writ of habeas corpus under the Constitution and statutes of the United States, upon the ground that he was in custody in violation of the Constitution of the United States, especially that clause of the Fourteenth Amendment which declares that no state shall "deprive any person of life, liberty, or property, without due process of law." The facts therein set forth with respect to the detention of the petitioner and the claim or authority for such detention are, in substance, that at a session of the municipal court of the city of Wilmington, held on the 29th day of October last, the petitioner was ordered to be committed, not for any crime, not to any official or officials, not to any place of imprisonment, and not for any term, but merely that he be "committed until the arrearages are paid"; that the clerk of that court refused to issue a copy of the alleged process by which the petitioner was brought before the municipal court or of the proceedings had therein; that the petitioner believes that he was so committed and restrained of his liberty for an alleged or pretended contempt of court in not obeying an order of that court; that he is utterly unable to comply with such order, and denies the alleged contempt. Upon presentment of the petition a writ of habeas corpus was awarded by this court, directed to George Black, the person in whose custody the petitioner was detained. Within the time specified by the statutes of the United States the person to whom the writ was directed made return thereof, certifying to this court the cause of the detention of the petitioner, and at the same time brought the petitioner before this court. The return to the writ states:

"I, George Black, superintendent of police of the city of Wilmington, county and state aforesaid, to whom the attached writ of habeas corpus is directed, and in obedience to said writ, I herewith produce the body of Victor Kozlowski detained and held in custody by me.

"And for return of said habeas corpus I beg leave to say that the said Victor Kozlowski was committed to my care as high constable of said city by an order of the honorable John F. Lynn, deputy city judge of the municipal court for the said city of Wilmington, a court of competent jurisdiction, on the 29th day of October, A. D. 1921, to be by me held and detained until the arrearages of a nonsupport order are paid on a judgment rendered by the municipal court on the 15th day of March, A. D. 1921, the said nonsupport order being that he the said Victor Kozlowski pay the sum of twenty ($20.00) dollars per week, and also to be released on his own recognizance without surety; and also the said Victor Kozlowski is in my custody by virtue of the said judgment rendered on the said 29th day of October, whereby the terms of the aforesaid order of support were subsequently modified, in that the said Victor Kozlowski was ordered to enter into a recognizance in the sum of five hundred ($500.00) dollars with approved surety for the faithful performance of the order made on the said 15th day of March;

"And the said Victor Kozlowski now in court in his own proper person is the identical person named in said nonsupport order and committed to my care on the said 29th day of October, and is now held in my custody by the author-

ity of said process, which is attached herewith, and made a part of this my return, and for further return I beg leave to say that the said Victor Kozlowski, after the judgment as aforesaid, to wit, on the 1st day of November, A. D. 1921, presented his petition for a writ of habeas corpus to the honorable Herbert L. Rice, resident judge of New Castle county, Del., a copy of which said petition is attached hereto.

"That a writ was issued to me, and in obedience to said writ I produced the body of said Victor Kozlowski before the said honorable Herbert L. Rice, on Wednesday, November 2, A. D. 1921, at 3 o'clock in the forenoon [afternoon].

"That after hearing the said petition the said honorable Herbert L. Rice dismissed the petition and remanded the petitioner to my custody. A copy of the opinion of the said Herbert L. Rice is attached hereto."

Annexed to the return, as exhibits, are certified copies of records of the municipal court showing proceedings therein had in the case of State of Delaware v. Victor Kozlowski, the petitioner herein. It appears therefrom that on March 7th last a warrant was issued, charging him with nonsupport; that upon a plea of not guilty he was, on the 15th day of March, after hearing, adjudged guilty, and without imposing the penalty provided by law the court ordered him to pay, or cause to be paid, to a trustee approved by the court the sum of $20 per week for the support and maintenance of his wife and four minor children under the age of 16 years in destitute and necessitous circumstances; to appear personally in that court, whenever thereafter ordered to do so; to comply with the terms of the order of support, or of any modification thereof; and that the defendant be released from custody on probation, upon entering into a recognizance without surety to the state of Delaware in the sum of $500 for compliance by him with the order of support. It further appears from the order that the defendant entered into a recognizance, without surety, as ordered, and that he was, on the 15th day of March, 1921, released from custody on probation. The record of the municipal court in that cause next subsequent to the order of March 15th is a subpœna issued on the 28th day of October last, directed to the petitioner, commanding him to appear before the judge of the municipal court on the 29th day of October "to testify all those things you shall know or be examined in a matter of controversy depending, wherein the state of Delaware is plaintiff, and Victor Kozlowski is defendant." The next and last action of the municipal court in the cause in question, so far as disclosed by the record, is evidenced by the following order:

"And now, to wit, this 29th day of October, A. D. 1921, the defendant being present, after hearing all the evidence produced on behalf of the state and the defendant, the Hon. John F. Lynn, deputy city judge of the municipal court for the city of Wilmington, ordered the defendant to be committed until the arrearages are paid, and to give bond in the sum of $500, with surety, for the compliance of the order."

No mittimus, commitment, or other like process was issued pursuant to that order.

No material facts other than those appearing by the petition and return were disclosed at the hearing following the return of the writ.

The authority of this court to issue the writ of habeas corpus, to examine the proceedings in the municipal court, and to dispose of the

petitioner as law and justice require rests upon sections 751, 752, 753, and 761 of the Revised Statutes of the United States (Comp. St. §§ 1279–1281, 1289), which, so far as here pertinent, provide:

. "Sec. 751. The Supreme Court and the (circuit and) district courts shall have power to. issue writs of habeas corpus.

"Sec. 752. The several justices and judges of the said courts, within their respective jurisdictions,· shall have power to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty.

"Sec. 753. The writ of habeas corpus shall in no case extend to a prisoner in jail, unless where he * * * is in custody in violation of the Constitution * * * of the United States; * * *

"Sec. 761. The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require."

The scope of the authority thus conferred by Congress upon the federal courts to grant writs of habeas corpus for the purpose of an inquiry into the cause of restraint of liberty where the petitioner is imprisoned under authority of a state has been many times considered by the Supreme Court. In Ex parte Royall, 117 U. S. 241, 6 Sup. Ct. 734, 29 L. Ed. 868, it was declared that Congress intended to invest the courts of the Union and the justices and judges thereof with power, upon writ of habeas corpus, to restore to liberty any person within their respective jurisdictions who is held in custody, by whatever authority, in violation of the Constitution of the United States, and held that the fact that a petitioner is imprisoned under the authority of a state cannot affect the question of the power or jurisdiction of a federal court to inquire into the cause of his commitment and to discharge him if he is restrained of his liberty in violation of the national Constitution. The Supreme Court there pointed out, however,· that, notwithstanding the grant of power so to do, nevertheless Congress did not intend to compel the federal courts by the writ of habeas corpus to draw to themselves, in the first instance, the control of all criminal prosecutions commenced in state courts exercising jurisdiction within the same territorial limits, where the accused claims that he is held in custody in violation of the Constitution of the United States, and that the statutory injunction to hear the case summarily, and thereupon "to dispose of the party as law and justice require," does not deprive the federal courts of discretion as to the time and mode in which it will exert the powers conferred upon it. Realizing that the discharge of a state prisoner by a federal court touches closely upon the relations between the state and federal governments, the Supreme Court added:

"That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."

The decision in Ex parte Royall was followed and approved by the same court in New York v. Eno, 155 U. S. 89, 15 Sup. Ct. 30, 39 L. Ed. 80.

[1, 2] Two basic questions are therefore presented in this cause, viz.: (1) Whether the petitioner is held in custody in violation of the

Constitution of the United States; and, if so, then (2) whether the facts and circumstances of the detention are, such as to warrant the exercise of discretion vested in this court in favor of the petitioner's discharge. Fortunately we are not without the authoritative assistance of decisions of the Supreme Court of the United States upon each of these points. What is due process of law, without which, as provided by the Fourteenth Amendment to the Constitution, no state may deprive an individual of his liberty, was considered and defined in Caldwell v. Texas, 137 U. S. 692, 697, 11 Sup. Ct. 224, 226 (34 L. Ed. 816). The court there said:

> "By the Fourteenth Amendment the powers of the states in dealing with crime within their borders are not limited, but no state can deprive particular persons or classes of persons of equal and impartial justice under the law. Law, in its regular course of administration through courts of justice, is due process, and when secured by the law of the state, the constitutional requisition is satisfied. 2 Kent, Com. 13. And due process is so secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice. Bank of Columbia v. Okely, 4 Wheat. 235, 244. The power of the state must be exerted within the limits of those principles, and its exertion cannot be sustained when special, partial, and arbitrary. Hurtado v. California, 110 U. S. 516, 535."

In view of the foregoing clear and plain enunciation of the fundamental principles, it is not surprising to find that the same court has declared that the imposition of a sentence, by a court upon a defendant in a criminal case, unauthorized by law or in excess of that authorized, deprives the defendant of his liberty in violation of the federal Constitution, for, in such case, the exercise of power is special, partial, and arbitrary and is not controlled by laws operating on all alike. The Supreme Court, dealing with a similar question in Ex parte Lange, 85 U. S. (18 Wall.) 163, 176, 21 L. Ed. 872, said:

> "It is no answer to this to say that the court had jurisdiction of the person of the prisoner and of the offense under the statute. It by no means follows that these two facts make valid, however erroneous it may be, any judgment the court may render in such case. If a justice of the peace, having jurisdiction to fine for a misdemeanor, and with the party charged properly before him, should render a judgment that he be hung, it would simply be void. Why void? Because he had no power to render such a judgment. So, if a court of general jurisdiction should, on an indictment for libel, render a judgment of death, or confiscation of property, it would, for the same reason, be void."

In Re Mills, 135 U. S. 263, 270, 10 Sup. Ct. 762, 764 (34 L. Ed. 107) the sentence imposed upon a petitioner by an inferior federal court was in excess of the authority conferred by the statutes of the United States. The court said:

> "The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which the court below transcended its powers. Ex parte Lange, 18 Wall. 163, 176; Ex parte Parks, 93 U. S. 18, 23; Ex parte Virginia, 100 U. S. 339, 343; Ex parte Rowland, 104 U. S. 604, 612; In re Coy, 127 U. S. 731, 738; Hans Nielsen, Petitioner, 131 U. S. 176, 182."

It becomes manifest without the citation of additional cases that a sentence of imprisonment imposed in a criminal case without warrant of law puts the person sentenced in custody in violation of the Constitution. This is a government of laws and not of men, and the power of punishment is alone through the means which the laws have provided for that purpose. By the protection of the law alone are human rights secured, and the laws which protect the liberties of the people may not be violated or set aside even to inflict upon the guilty unauthorized, though merited, justice.

[3] Disclaiming any assertion of a general power of review over the judgments of the municipal court in criminal cases, I shall now proceed to inquire whether that court had power to render the judgment, that is, impose the sentence, by which the petitioner is imprisoned. The statutes of the state of Delaware material to be here considered in this connection are sections 3034, 3037, and 3040 of the Revised Code of Delaware 1915. They are:

"3034. Any husband who shall, without just cause, desert or willfully neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances, or any parent who shall, without lawful excuse, desert or willfully neglect or refuse to provide for the support and maintenance of his or her legitimate or illegitimate child or children, under the age of sixteen years, in destitute or necessitous circumstances, shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine, not exceeding five hundred dollars, or by imprisonment with hard labor in such penal or reformatory institution of this state as may be determined upon by the court, for a period not exceeding one year, or both. * * *

"3037. Before the trial, with the consent of the defendant, or at the trial, on entry of a plea of guilty, or after conviction, instead of imposing the penalty hereinbefore provided, or in addition thereto, the court in its discretion, having regard to the circumstances, and to the financial ability or earning capacity of the defendant, shall have the power to make an order, which shall be subject to change by the court from time to time, as circumstances may require, directing the defendant to pay a certain sum periodically to the wife, or the guardian, or custodian of the said minor child or children, or to an organization or individual approved by the court as trustee, and to release the defendant from custody on probation, upon his or her entering into a recognizance, with or without surety, in such sum as the court or a judge thereof in vacation may order and approve. The condition of the recognizance shall be such, that if the defendant shall make his or her personal appearance in court whenever ordered to do so, and shall further comply with the terms of such order of support, or of any subsequent modification thereof, then such recognizance shall be void, otherwise in full force and effect."

"3040. If the court be satisfied by information and due proof under oath that the defendant has violated the terms of such order, it may forthwith proceed with the trial of the defendant under the original conviction, or enforce the suspended sentence, as the case may be."

As hereinbefore appears the record discloses that on March 15th the municipal court made an order directing the defendant to pay $20 periodically to an individual approved by that court as trustee, and releasing the defendant from custody on probation upon his entering into a recognizance without surety, and that such recognizance was entered into by the petitioner, and that he was accordingly released. The only process of the court thereafter served upon him was a subpœna to testify. The order of the court of October 29th does not show that

he was then charged with or convicted of any offense or crime. I find nothing in the Delaware statutes dealing with desertion and nonsupport authorizing imprisonment for unpaid arrearages. Even assuming that the record discloses that before October 29th, the day on which the last order of the municipal court was made, the defendant had violated the terms of the order of March 15th, and that the subpœna ad testificandum may be considered an "information" under section 3040 of the Delaware Code, yet the only penalty aside from the forfeiture of the recognizance with which such violation may be visited under the statute is expressed in the words that the court "may forthwith proceed with the trial of the defendant under the original conviction or enforce the suspended sentence, as the case may be." The only sentence authorized by the statute upon original conviction or upon the court being satisfied that the defendant has violated the terms of its order is a fine not exceeding $500 or by imprisonment with hard labor for a period not exceeding one year in such penal or reformatory institution of the state as may be determined upon by the court, or both. It seems inevitably to follow that the defendant is deprived of his liberty without having been charged with any offense known to the laws of the state of Delaware and under a sentence likewise unknown to the laws of this state. Nor is the sentence a trifling one. Viewed in the light of the facts disclosed by the record, the sentence is a sentence for life. It appears from the sworn petition for the writ of habeas corpus that the petitioner has not the ability to comply with the order of court, having no property, means, or income which will enable him to do so. This sworn statement of the petitioner was not denied by the return or at the hearing. Under these facts it is clear that the incarceration imposed by the sentence of the municipal court may terminate only with the life of the petitioner. Manifestly that court was without jurisdiction to impose such sentence, and under the authorities above cited it is in conflict with the Fourteenth Amendment of the federal Constitution, and hence is null and void. In fact counsel for the respondent at the argument did not attempt to sustain the validity of the order directing that the petitioner "be committed until the arrearages are paid," but frankly and commendably admitted that if the order did not otherwise direct the imprisonment of the defendant he should be discharged by this court. Counsel based his contention that the petitioner should not be discharged upon that portion of the order which requires the defendant "to give bond in the sum of five hundred dollars, with surety, for the compliance of the order," but he failed to point out any law of the state of Delaware authorizing the municipal court to imprison a person until he shall give bond with surety. Furthermore the only alleged justification for the imprisonment of the petitioner is the order of October 29th, and while that order directs the petitioner "to give bond," I do not understand that it directs that he stand committed until such bond shall be given. The commitment seems to be required only "until the arrearages are paid."

It being manifest that the petitioner is in custody in violation of the Constitution, it only remains to inquire, such imprisonment being under

color of authority of a state court, whether the facts and circumstances surrounding that imprisonment are such that the discretion of this court should be exercised in favor of the prisoner's discharge. To obtain the answer to this inquiry we need but turn once again to the decisions of the Supreme Court. In re Hans Nielsen, Petitioner, 131 U. S. 176, 182, 9 Sup. Ct. 672, 674 (33 L. Ed. 118), that court, speaking by Mr. Justice Bradley, said:

"The objection to the remedy of habeas corpus, of course, would be, that there was in force a regular judgment of conviction, which could not be questioned collaterally, as it would have to be on habeas corpus. But there are exceptions to this rule which have more than once been acted upon by this court. It is firmly established that if the court which renders a judgment has not jurisdiction to render it, either because the proceedings, or the law under which they are taken, are unconstitutional, or for any other reason, the judgment is void and may be questioned collaterally, and a defendant who is imprisoned under and by virtue of it may be discharged from custody on habeas corpus. * * * The distinction between the case of a mere error in law, and of one in which the judgment is void, is pointed out in Ex parte Siebold, 100 U. S. 371, 375, and is illustrated by the case of Ex parte Parks, as compared with the cases of Lange and Snow. In the case of Parks there was an alleged misconstruction of a statute. We held that to be a mere error in law, the court having jurisdiction of the case. In the cases of Lange and Snow, there was a denial or invasion of a constitutional right. A party is entitled to a habeas corpus, not merely where the court is without jurisdiction of the cause, but where it has no constitutional authority or power to condemn the prisoner. * * * In the present case, the sentence given was beyond the jurisdiction of the court, because it was against an express provision of the Constitution, which bounds and limits all jurisdiction."

The law upon this point was summarized in the notable case of Frank v. Mangum, 237 U. S. 309, 326, 327, 35 Sup. Ct. 582, 587 (59 L. Ed. 969) thus:

"It is therefore conceded by counsel for appellant that in the present case we may not review irregularities or erroneous rulings upon the trial, however serious, and that the writ of habeas corpus will lie only in case the judgment under which the prisoner is detained is shown to be absolutely void for want of jurisdiction in the court that pronounced it, either because such jurisdiction was absent at the beginning or because it was lost in the course of the proceedings."

These principles were assumed by the Supreme Court in Collins v. Johnston, 237 U. S. 502, 35 Sup. Ct. 649, 59 L. Ed. 1071, to be as applicable when the prisoner is detained by a sentence of a state court as when he is detained by a federal court.

In view of what has been hereinbefore said I am constrained to conclude that the petitioner is in custody in violation of the Constitution of the United States, and that a proper exercise of judicial discretion requires that he be now discharged. In reaching this conclusion I am not unmindful of the fact that the legality of the petitioner's detention was considered upon a writ of habeas corpus by the resident judge of New Castle county. In view of the great respect that I entertain for the opinions and judgments of that learned judge, it is with trepidation that I find myself not in accord with his conclusions, yet I can but believe that had the aspects of the matter presented to this court been called to his attention and the decisions of the Supreme

Court of the United States, here relied on, been brought to his notice the proceedings in this court would have been unnecessary.

The petitioner is discharged.