## LOCKHART v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 25, 1929.

Rehearing Denied December 17, 1929.

No. 5788.

Ervin F. Dailey, of Seattle, Wash. (Arthur E. Simon, of Seattle, Wash., of counsel), for appellant.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. ██ This is an appeal from a judgment of conviction under two counts of an information—the first charging the unlawful possession of intoxicating liquor; the second, the maintenance of a common nuisance. The undisputed facts are as follows: Four prohibition agents searched the private dwelling of the appellant without a search warrant, and found therein, and in the basement underneath, 15 gallons of alcohol, 3 gallons of gin, 17 quarts of beer, and some whisky; the quantity not being stated. After searching the private dwelling, one of the agents went before a United States commissioner and procured a search warrant, under and by authority of which the agents searched a garage a few feet back of the dwelling, and found therein 140 gallons of alcohol, a part of which at least had been stored there by the appellant on the previous evening. A motion was interposed to suppress all testimony obtained upon the search, on the ground that the search was in violation of the constitutional rights of the appellant. This motion was apparently supported by affidavits and opposed by counter affidavits. When the case was called for trial, the court refused to pass upon the motion to suppress, stating that police court cases would not be tried two or three times, that the motion to suppress would be considered at the trial, and, if found meritorious, the appellant would receive the benefit of it. Upon the trial, testimony was offered establishing the facts as above set forth, and at the conclusion of the trial the motion to suppress was granted as to the liquor found in the dwelling house, but denied as to the liquor found in the garage. The charge to the jury is not in the record, but we must presume that the jury was properly instructed to disregard the testimony suppressed by the court. The application for the search warrant, the search warrant itself, and the affidavits supporting and opposing the motion to suppress, are not incorporated in the bill of exceptions, and cannot be considered. Beach v. United States (C. C. A., No. 5674) 35 F.(2d) 837, decided November 12, 1929. The other matters and rulings to which we have referred are all embodied in the bill of exceptions, however, and are properly before us for review.

██ That the testimony concerning the liquor found in the dwelling was highly prejudicial to the appellant on the trial of the nuisance charge does not admit of serious question. A place where intoxicating liquor is stored is not in itself a nuisance unless the liquor is kept therein for sale or barter or other commercial purposes. Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 92, 41 S. Ct. 31, 65 L. Ed. 151, 10 A. L. R. 1548; United States v. Reisenweber (C. C. A.) 288 F. 520; Feinberg v. United States (C. C. A.) 2 F.(2d) 955, 958. Testimony tending to show that the liquor was stored in the garage for a brief period, with other circumstances, might be sufficient to sustain the charge of maintaining a nuisance, but admittedly the case of the government was greatly strengthened by proof that a large quantity and variety of liquor was kept at the same time by the same party in his dwelling on the same premises. The question for decision therefore is this, May a court admit incompetent, prejudicial testimony before a jury and cure the error by withdrawing the testimony from the consideration of the jury at the close of the trial? That this may be done as a general rule is well settled; but there is an exception to the general rule as well established as the rule itself.

The exception is thus stated in Waldron v. Waldron, 156 U. S. 361, 383, 15 S. Ct. 383, 389, 39 L. Ed. 453: "There is an exception, however, to this general rule, by virtue of which the curative effect of the correction, in any particular instance, depends upon whether or not, considering the whole case and its particular circumstances, the error committed appears to have been of so serious a nature that it must have affected the minds of the jury despite the correction by the court."

In Maytag v. Cummins (C. C. A.) 260 F. 74, 82, the court said: "But there is an exception to this rule. It is that, where the appellate court perceives from an examination of the record that the inadmissible evidence made such a strong impression upon the

minds of the jury that its subsequent withdrawal or the instruction to disregard it probably failed to eradicate the injurious effect of it from the minds of the jury, there the defeated party did not have a fair trial of his case, and a new trial should be granted."

See, also, Rudd v. United States (C. C. A.) 173 F. 912; Quigley v. United States (C. C. A.) 19 F.(2d) 756.

This case falls within the exception and not within the general rule. As already stated, the testimony wrongly admitted was highly prejudicial in its nature, and its effect could not be entirely eradicated from the minds of the jury by a simple instruction to disregard it. It certainly cannot be said that such testimony would not unconsciously affect the verdict, however much the jury might be disposed to follow the instructions of the court. It is said, however, that this court has already decided that it is not error to refuse to pass upon a motion to suppress until the evidence is all in. Poetter v. United States (C. C. A.) 31 F.(2d) 438. While that was true in the case then under consideration, it is not a rule of universal application. If the evidence is rightly admitted, it matters little whether the question of its admissibility was determined before or during the trial, and, if the suppression of the evidence puts an end to the case, as usually happens, the time of the ruling is equally immaterial. But, where the case must be submitted to the jury on other competent testimony, there is always the danger that the wrongful admission of prejudicial testimony will necessitate the granting of a new trial, and such a conclusion is, in our opinion, unavoidable here.

The wrongful admission of the testimony concerning the liquor found in the dwelling, however, in nowise affected the verdict on the first count, and, as to that, the judgment is affirmed. As to the second count, the judgment is reversed, and the cause is remanded for a new trial.