**ARMENTA v. UNITED STATES.** *

No. 6237.

Circuit Court of Appeals, Ninth Circuit.

March 30, 1931.

*Rehearing denied May 11, 1931.

Wm. J. Fellows and John W. Ray, both of Phœnix, Ariz., for appellant.

John C. Gung'l, U. S. Atty., of Tucson, Ariz., J. S. Wheeler, Asst. U. S. Atty., of Phœnix, Ariz., and B. G. Thompson and Norman S. Hull, Asst. U. S. Attys., both of Tucson.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

Appellant, hereinafter called the defendant, was convicted upon counts 3, 4, and 5 of an indictment, in which counts he was charged with the unlawful possession and sale of intoxicating liquor and maintaining a common nuisance. Pursuant to the verdict of the jury the court announced sentence: "That the said defendant be imprisoned in the United States Penitentiary at McNeil Island, in the State of Washington, for the period of three (3) years on count four, said term of imprisonment to date from his delivery to the warden of said penitentiary; that said defendant be fined in the sum of three thousand dollars ($3,000.00) on count four; that he be fined the sum of five hundred dollars ($500.00) on count three, and that he be fined the sum of one thousand dollars ($1,000.00) on count five; that in default of payment thereof he stand committed to said penitentiary until said fines are paid or he is otherwise discharged by law, said commitment in default of payment of said fines to run concurrently with each other and to date from the expiration of the term of imprisonment imposed under said count four."

On the following day, April 11, 1930, as shown by the minutes of the trial court, the defendant being present with his counsel, this judgment was vacated and the following judgment entered: "That said defendant be imprisoned in the United States Penitentiary at McNeil Island, in the State of Washington, for the period of three (3) years on count three; said term of imprisonment to date from his delivery to the warden of said penitentiary; that said defendant be fined the sum of three thousand dollars ($3,000.00) on count three; that he be fined the sum of five hundred dollars ($500.00) on count four; that he be fined the sum of one thousand dol-

lars ($1,000.00) on count five; that in default of payment thereof he stands committed to said penitentiary until said fines are paid or he is otherwise discharged by law, said commitment in default of payment of said fines to run concurrently with each other and to date from the expiration of the term of imprisonment imposed under said count three."

The record contains a "proposed bill of exceptions" which evidently was not presented to the judge of the trial court for his approval, as required by law and by the rules of court. In any event, it is not signed and properly authenticated, and therefore cannot be considered by this court.

Counsel for the defendant relies upon and argues four assignments of error:

"I. That the court erred in denying or ignoring the defendant's motion to suppress evidence obtained during a search and seizure by said federal prohibition agents, which evidence was used at the trial of said defendant.

"II. That the court erred in demanding of the defendant that he produce a certain affidavit, the contents of which were highly prejudicial to the defendant.

"III. That the argument of counsel for the Government and the comment of the court during the course of the trial were highly prejudicial to the defendant. .

"IV. That the court erred in denying the motion in arrest of judgment made by the defendants."

Assignment I relates to the ruling of the court on the defendant's motion to suppress certain evidence obtained during the search of defendant's residence by federal prohibition officers. In the absence of the bill of exceptions this ruling is not open for review. In the case of Doran v. United States, 31 F. (2d) 754, 755, Judge Dietrich, speaking for this court said: "A motion seasonably made for the suppression of part of the evidence, on the ground that it was obtained through an unlawful search, was heard upon affidavits and oral testimony prior to the trial, and denied. The testimony so adduced is not brought here by bill of exceptions or otherwise, and the order is therefore not open for review." See, also, Beach v. United States, 35 F.(2d) 837 (C. C. A. 9th); Lockhart v. United States, 35 F.(2d) 905 (C. C. A. 9th); Sapp v. United States (C. C. A.) 35 F.(2d) 580.

Assignments II and III relate to alleged errors of the court, and counsel for the government during the course of the trial. For the reasons just stated these assignments are likewise not open for review.

Assignment IV relates to the ruling of the court on defendant's motion in arrest of judgment, and is the only one properly before us for review. As above stated, upon the return of the verdict the court sentenced the defendant to imprisonment in the United States Penitentiary at McNeil Island in the state of Washington for a period of three years and imposed a fine of $3,000 on count 4 of the indictment. This sentence was unauthorized both as to the term and place of imprisonment. Count 4 of the indictment charges the defendant merely with a misdemeanor, namely, the unlawful possession of intoxicating liquor, and the court in imposing the sentence undoubtedly was laboring under the impression that count 4 was the count charging the sale of intoxicating liquor. On the following day and during the same term of court the court, over the defendant's objection, vacated the judgment and sentence and imposed the same judgment and sentence under count 3, the sales count, and at the same time imposed a fine of $500 under count 4, the possession count. Counsel for the defendant contends that "the above sentences were legal tho the one was excessive, to-wit: the sentence on the fourth (4th) count, but it has been held that where a sentence is excessive it does not render the judgment void except as to the excess," and he argues that, as to the excess, defendant's sentence should be modified by this court. We agree with counsel that all of the sentences were legal, except the sentences under count 4. It is true that this sentence is merely excessive in so far as the amount of the fine is concerned, but it is void in other respects. It must be remembered that the fourth count charged the defendant with the commission of a misdemeanor, and that upon conviction thereof the court sentenced him to pay a fine and to be imprisoned in the penitentiary for the term of three years.

A misdemeanor is an offense which may be punished by imprisonment for a term not exceeding one year. 35 Stat. 1152, 18 USCA § 541. There is, consequently, no escape from the conclusion that the judgment of the court sentencing the defendant to imprisonment in the penitentiary was in violation of the statutes of the United States.

"The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which

the court below transcended its powers. Ex parte Lange, 18 Wall. 163, 176 [21 L. Ed. 872]; Ex parte Parks, 93 U. S. 18, 23 [23 L. Ed. 787]; Ex parte Virginia, 100 U. S. 339, 343 [25 L. Ed. 676]; Ex parte Rowland, 104 U. S. 604, 612 [26 L. Ed. 861]; In re Coy, 127 U. S. 731, 738, 8 S. Ct. 1263 [32 L. Ed. 274]; Hans Nielsen, Petitioner, 131 U. S. 176, 182, 9 S. Ct. 672 [33 L. Ed. 118]." In re Mills, 135 U. S. 263, 270, 10 S. Ct. 762, 764, 34 L. Ed. 107.

The Supreme Court in speaking of the penitentiary sentence said: "That is a sentence which can only be imposed where it is specifically prescribed, or where the imprisonment ordered is for a period longer than one year, or at hard labor." In re Bonner, 151 U. S. 242, 254, 14 S. Ct. 323, 324, 38 L. Ed. 149.

The National Prohibition Act (c. 85, Title 2, § 29, 41 Stat. 316, 27 USCA § 46) prescribes the punishment for the first offense of the crime of possessing intoxicating liquor a fine not exceeding $500.

"It follows that the court had no jurisdiction to order an imprisonment, when the place is not specified in the law, to be executed in a penitentiary, when the imprisonment is not ordered for a period longer than one year, or at hard labor. The statute is equivalent to a direct denial of any authority on the part of the court to direct that imprisonment be executed in a penitentiary in any cases other than those specified." In re Bonner, supra.

In the same case the court quotes from In re Mills, 135 U. S. 263, 10 S. Ct. 762, 34 L. Ed. 107, as follows: " 'A sentence simply of "imprisonment," ' said the court, 'in the case of a person convicted of an offense against the United States, where the statute prescribing the punishment does not require that the accused shall be confined in a penitentiary, cannot be executed by confinement * * * "for a period longer than one year." ' "

It will thus be seen that the trial court in the instant case was without jurisdiction to sentence defendant to imprisonment in the penitentiary under the fourth count of the indictment. See, also, Ex Parte Lange, 18 Wall. 163, 21 L. Ed. 872. The court being without jurisdiction to impose a penitentiary sentence in the first instance, it was within its power and jurisdiction during the same term to vacate the sentence and impose a valid one, especially in view of the fact that the judgment specifies that the defendant's term of imprisonment dates from his delivery to the warden of the penitentiary, and that no part of the sentence had been executed. The Supreme Court in the case of Goddard v. Ordway, 101 U. S. 745, 752, 25 L. Ed. 1040, said: "In Ex parte Lange (18 Wall. 163, [21 L. Ed. 872]), we said that 'the general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable.' Bassett v. United States, 9 Wall. 38 [ 19 L. Ed. 548]; Doss v. Tyack, 14 How. 297 [14 L. Ed. 428]. As part of the 'roll of that term,' they are deemed to be 'in the breast of the court during the whole term.' Bac. Abr., tit. Amendment and Jeofail, A."

"As a general practice, the sentence, when imposed by a court of record, is within the power of the court during the session in which it is entered, and may be amended at any time during such session, provided a punishment already partly suffered be not increased." Wharton, Criminal Pleading and Practice (9th Ed.) § 913.

"A sentence * * * does not commence until the person sentenced is taken to the prison." Dimmick v. Tompkins, 194 U. S. 540, 24 S. Ct. 780, 48 L. Ed. 1110.

In the instant case, at the time the defendant was resentenced he had not begun the service of his original sentence, and therefore no question of jeopardy or double punishment is here involved.

The judgment of the lower court is affirmed.