**Paul Edward JAMES, Appellant,**

v.

**UNITED STATES of America,
Appellee.
No. 8096.**

United States Court of Appeals
Tenth Circuit.
July 21, 1965.

Lewis, Circuit Judge, dissented.

---

Richard V. Thomas, Cheyenne, Wyo., for appellant.

H. Ralph Klemm, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., Salt Lake City, Utah, with him on the brief), for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and KERR, District Judge.

KERR, District Judge.

Appellant, Paul Edward James, has appealed from the judgment and sentence pronounced on November 18, 1964, by the United States District Court for the District of Utah. The only question properly raised by appellant is whether the District Court illegally and erroneously sentenced him on November 18, 1964, in his presence and in the presence of his attorney for a longer period of time than the sentence of February 7, 1962, made under 18 U.S.C. § 4208(a) (2), said second sentence having been made in the absence of appellant and his attorney. The answer to this question turns on the validity of the sentence of February 7, 1962.

The essential facts are not in dispute. On November 3, 1961, appellant, represented by his retained counsel, was tried before a jury on the charge of transporting in interstate commerce a motor vehicle knowing it to have been stolen (18 U.S.C. § 2312), and a verdict of guilty was returned. The Court ordered a pre-sentence report and set sentencing for November 20, 1961. On that date the Court heard appellant's motion for a new trial and for a psychiatric examination. After hearing the statements of appellant's counsel, the Court denied his motion. At this time appellant and his counsel made statements to the sentencing judge and presented information in mitigation of the punishment. The Court then directed that the study by the Director of the Bureau of Prisons pursuant to 18 U.S.C. Section 4208(c) be furnished within three months. Pursuant to 18 U.S.C. Section 4208(b) appellant was deemed to be sentenced for the maximum term of five years. In the Judgment and Commitment, the Court reserved jurisdiction to affirm the sentence, reduce it, or grant probation in accordance with the statute. On February 7, 1962, the Court entered an Order Modifying Judgment and sentenced appellant to three (3) years under the authority of 18 U.S.C. Section 4208(a) (2). Neither appellant nor his counsel was before the Court when this Order of February 7, 1962, was entered.

On October 28, 1964, upon request of appellant, and pursuant to the Mandate of United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963), the District Court entered its Order vacating the sentence of February 7, 1962, and directed the return of appellant to the court for resentencing. On November 17, 1964, appellant and his retained counsel were present before the Court for sentencing, and on November 18, 1964, the Court pronounced its sentence upon appellant ordering that he be committed to the cus-

tody of the Attorney General or his authorized representative for a period of three (3) years, six (6) months, and three (3) weeks, with full credit given to appellant for such time as had already been served.

Appellant contends that the "proceeding upon remand" pursuant to United States v. Behrens, supra, was simply a rehearing on the imposition of a valid sentence of February 7, 1962, entered in his absence, to afford him the right of allocution. He concludes that the subsequent sentence of November 18, 1964, was void for the reason that it added six months and three weeks to the sentence already imposed upon him.

The Government takes the position that the sentence of February 7, 1962, made under Section 4208(a) (2), was void for having been made in the absence of the appellant and his counsel, and that the trial judge had the authority to vacate said order and to enter its final sentence not inconsistent with Section 4208(b), even though it added six months and three weeks to the sentence previously ordered.

 There can be no valid pronouncement of judgment and sentence unless the defendant and his counsel are before the court. Wilfong v. Johnston, 9 Cir., 156 F.2d 507 (1946). It is essential, under the due process requirements, that the defendant be present when the trial court makes its final determination of what his sentence is to be under Section 4208(b) and fixes his punishment. Behrens v. United States of America, 7 Cir., 312 F.2d 223 (1962), affirmed 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963). There was no discussion in the Behrens case, nor in Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), concerning the legality of sentencing a defendant when he was not in court, the Court stating that the sentencing, even

to probation, was "admittedly invalid" because of petitioner's absence.

 The trial court had no jurisdiction to impose the sentence of February 7, 1962, in the absence of the defendant, and the order directing the sentence of three years under Section 4208(a) (2) was void. This action by the trial court was not a mere error or irregularity calling for a simple correction of the record. Rather, the court went beyond the limits of an essential requirement in the imposition of sentence; it "transcended its powers" by sentencing the defendant in his absence; it violated appellant's constitutional rights. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894); In re Mills, 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107 (1890). Under such circumstances, the trial court was constrained to and did set aside its February 7, 1962, sentence and judgment, which it had no authority to make, and substituted its sentence and judgment of November 18, 1964, sentencing the defendant while he was before the court and represented by his retained counsel.

 Being void, the sentence of February 7, 1962, was a nullity; it could not become operative. Howell v. United States, 103 F.Supp. 714, aff'd 199 F.2d 366 (4 Cir., 1952).[1] It is a well established rule of long standing that final judgment in a criminal case does not occur until actual sentence is imposed. Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497 (1943); Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937). A void judgment purporting to impose sentence is neither a valid nor a final judgment. Miller v. Aderhold, Warden, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702 (1933).

When the District Court vacated its invalid judgment of February 7, 1962, the matter reverted to its status at the

---

1. At page 718 of 103 F.Supp. the District Court said "The deprivation of Howell's inchoate right to be considered for parole did not increase his punishment. Even if the sentence had been increased, the law is settled that this may be done, on the theory that a void sentence in contemplation of law is non-existent."

time the Director's report was received, and the court's role under Section 4208 (b) came into play. It was then required to pronounce a valid, final judgment by either affirming or modifying by reduction the maximum sentence imposed by law, or ordering probation. In this case the one and only valid sentence was pronounced on November 18, 1964, when the District Court reduced the original, automatic, maximum sentence of six years to three years, six months, and three weeks, the court properly giving full credit for the time which appellant had already served.

The judgment of the trial court is affirmed.

LEWIS, Circuit Judge (dissenting).

I dissent. The opinion of the court refers to the sentence of three years pronounced by the District Court on February 7, 1962, in the absence of appellant as a violation of "due process" and of "appellant's constitutional rights," citing United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295. But Behrens very clearly is not a constitutional decision. It simply holds that it is error to impose a sentence in the absence of the defendant. 375 U.S. 162, 166, 84 S.Ct. 295. And even if I were to concede the existence of a constitutional issue, I could not agree that the February 7 sentence was "void"; "a nullity"; that the trial court "had no jurisdiction to impose the sentence"; that the sentence "could not become operative"; or "in contemplation of law is non-existent." The sentence was invalid because imposed through procedural error, simple or constitutional in origin. Even the latter would not defeat the total jurisdiction of the court nor render the sentence legally non-existent. The failure to accord to an accused a constitutional right does not defeat jurisdiction. In Linkletter v. Walker, 85 S.Ct. 1731, despite an admitted violation of the Fourth Amendment, the state proceedings were held valid to support conviction.

In its brief the government states: "The United States concedes that if the order [of February 7] was valid then Appellant's sentence could not have been increased by the court at a later date." The sentence was not valid in the sense that it was free from error, but it was jurisdictionally valid; and I have no doubt that had appellant served a full three years without complaint he would have had an absolute right to release. Nor would I change the result because appellant did request correction of the error in his sentencing. I would hold the court powerless to increase the sentence, or, if need be, bar the imposition of an increased sentence through the exercise of this court's supervisory power in the administration of criminal justice. Any other result, to me, seems manifestly unfair.