842 F.2d 1290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re in re EMPANELLING A SPECIAL GRAND JURY, Petitioner.
 87-5196.
 United States Court of Appeals, Fourth Circuit.
 March 18, 1988.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Chief District Judge. (MISC-87-317-E).
 (William F. Weld, Assistant Attorney General, United States Department of Justice, William A. Kolibash, United States Attorney, Thomas E. Booth, United States Department of Justice) for petitioner.
 (James B. Lees, Jr., Hunt & Wilson) for respondent.
 Before HARRISON L. WINTER, Chief Judge, and DONALD RUSSELL and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The United States of America, acting through the Department of Justice and the Office of the United States Attorney for the Northern District of West Virginia, petitions for a writ of mandamus to require the Honorable Robert E. Maxwell, Chief Judge of the United States District Court for the Northern District of West Virginia, to grant the certified request of the Assistant Attorney General and to summon a special grand jury pursuant to 18 U.S.C. Sec. 3331. Although we conclude that the petition is meritorious, we withhold issuance of the writ to permit the district judge to reconsider his actions in light of the opinion we express.
 
 I.
 
 2
 On April 8, 1987, Assistant Attorney General William F. Weld of the Criminal Division of the Department of Justice communicated by mail with District Judge Robert Maxwell. In his letter, Weld certified, pursuant to the requirements of 18 U.S.C. Sec. 3331,[1] that a special grand jury was needed in the Northern District of West Virginia and requested that such a grand jury be empanelled on or before April 17, 1987. Judge Maxwell's response, dated April 14, 1987, questioned whether a special grand jury was needed in light of the fact that a regular grand jury was scheduled in the near future. No special grand jury was called.
 
 
 3
 Weld again communicated with Judge Maxwell on May 20, 1987, at which time he again certified that a special grand jury was needed in West Virginia to investigate organized crime. The United States Attorney subsequently filed a formal motion to convene a special grand jury and attached a copy of Assistant Attorney General Weld's written certification to the motion. Judge Maxwell responded by letter on June 10, 1987, once more questioning whether a special grand jury was needed and noting that reducing the number of grand juries was a means of budgetary savings recommended by the Administrative Office of the United States Courts.
 
 
 4
 On June 26, 1987, Acting Assistant Attorney General John C. Keeney provided Judge Maxwell with a third certification that a special grand jury was needed. The United States Attorney filed a supplemental motion requesting the grand jury and attached the Keeney certification to the motion. On July 31, 1987, Judge Maxwell took "under advisement the matters raised and suggested in the earlier filed motions and the above mentioned correspondence." The district judge took no further action and a special grand jury has not been convened.
 
 
 5
 On December 9, 1987, the United States filed a petition for a writ of mandamus with this Court, contending that the district court's non-discretionary duty to summon a special grand jury under 18 U.S.C. Sec. 3331 requires a ministerial act that cannot be avoided. This Court directed that a response to the petition be filed. That response is now before us and the matter is ripe for disposition.
 
 II.
 
 6
 We note initially that the plain language of 18 U.S.C. Sec. 3331(a) appears to impose a non-discretionary duty--"each district court ... shall order." Respondent contends, however, that such an interpretation grants the executive branch undue influence in judicial matters and, thus, violates the constitutional doctrine of separation of powers. Respondent further argues that the statute's constitutionality can only be saved by an interpretation that permits judicial review of the Justice Department's assertion of "necessity" in its certification and request. We find respondent's argument unpersuasive.
 
 
 7
 Although a sitting grand jury is an appendage of the court under whose supervision it is summoned, Brown v. United States, 359 U.S. 41, 49 (1959), the authority to call the grand jury in the first instance is not within the inherent power of the district court. Simply stated, a grand jury is a "creature of statute." In re Mills, 135 U.S. 263 (1890). The authority of the court is thus subject to the specific limitation of rules and statutes. See e.g. United States v. Christian, 660 F.2d 892 (3d Cir.1981).
 
 
 8
 By enacting 18 U.S.C. Sec. 3331(a), Congress has determined that special grand juries shall be empanelled whenever certain specified conditions are met. Contrary to respondent's view, we do not find the statute's certification process to be an unconstitutional delegation of authority to the executive branch. Rather, the procedure is simply Congress' chosen method of implementing its will. No undue discretion is placed in the hands of the executive branch and no intrusion into inherently judicial prerogatives is contemplated. We, therefore, conclude that the statute is both constitutional and unambiguous in its requirements. The only proper action for the district court when presented with a certification of need pursuant to 18 U.S.C. Sec. 3331(a) is to summon the special grand jury.
 
 III.
 
 9
 Although we conclude that Judge Maxwell should have called a special grand jury in response to the certifications by the Justice Department and motions by the United States Attorney, we see no need to issue the writ formally. We are confident that Judge Maxwell will take the appropriate action in accordance with the views expressed herein. While the Clerk may docket the decision as "Petition for a Writ of Mandamus Granted," he should withhold formal issuance of the writ.
 
 
 10
 IT IS SO ORDERED.
 
 
 
 [1]
 18 U.S.C. 3331(a) provides, in pertinent part:
 In addition to such other grand juries as shall be called from time to time, each district court which is located in a judicial district containing more than four million inhabitants or in which the Attorney General, the Deputy Attorney General, or any designated Assistant Attorney General, certifies in writing to the chief judge of the district that in his judgment a special grand jury is necessary because of criminal activity in the district shall order a special grand jury to be summoned at least once in each period of eighteen months unless another special grand jury is then serving.