## METZGER MOTOR CAR COMPANY *v.* PARROTT.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

No. 309. Argued March 18, 19, 1914.—Decided April 6, 1914.

Where, since the judgment of the United States District Court was obtained the highest court of the State has declared the state statute on which the case was brought to be unconstitutional under the state constitution, and there is no right to recover in the absence of statute, it is the obvious duty of this court to reverse the judgment.

While this court must decide for itself whether a state statute is repugnant to the Federal Constitution, it must accept the ruling of the state court as to the repugnancy of that statute to the state constitution.

This court cannot treat as existing a state statute which the court of last resort of that State has held cannot be enforced compatibly with the state constitution.

The highest court of Michigan having, since the judgment herein was rendered below held the provisions of the Vehicle Law of that State on which this action was based void under the state constitution, this court must regard such law as non-existent and reverse the judgment which was based solely thereon.

THE facts are stated in the opinion.

*Mr. Henry L. Lyster*, with whom *Mr. John C. Donnelly* was on the brief, for plaintiff in error:

Subd. 3 of § 10 of Act No. 318 of the Public Acts of 1909 of Michigan has been held to be in contravention of the Fourteenth Amendment by the court of last resort in Michigan; therefore the case at bar must be considered as though this act had never been passed by the legislature. *Barry* v. *Metzger Motor Car Co.*, 141 N. W. Rep. 529; *Daugherty* v. *Thomas*, 174 Michigan, 371, citing *Camp* v. *Rogers*, 44 Connecticut, 291; *Ives* v. *Railway Co.*, 201 N. Y. 271; *Ohio &c., Railroad Co.* v. *Lackey*, 78

Illinois, 55; *State* v. *Redmon,* 134 Wisconsin, 89; *Lawton* v. *Steele,* 152 U. S. 137, and see also *Loehr* v. *Abell,* 174 Michigan, 590.

The automobile is not an inherently dangerous machine, and cannot be classified with dynamite and vicious animals. Huddy on Automobiles, p. 29; *Lewis* v. *Amorous,* 3 Ga. App. Rep. 50; *Jones* v. *Hoge,* 47 Washington, 663; *Cunningham* v. *Castle,* 127 N. Y. App. Div. 580; *Colwell* v. *Aetna Bottle & Stopper Co.,* 33 R. I. 531; *Steffens* v. *McNaughton,* 142 Wisconsin, 49.

In order to hold the master for the negligent acts of a servant it must be shown that these acts are within the scope of the servant's employment, and that they were done in conducting the business of the master. *St. L. S. W. Ry.* v. *Harvey,* 144 Fed. Rep. 806; *Bowen* v. *Ill. Cent. R. R. Co.,* 136 Fed. Rep. 306; 3 Elliott on Railroads, p. 1009; *Patterson* v. *Kates,* 152 Fed. Rep. 481; *Danforth* v. *Fisher,* 75 N. H. 111. See also *Stuart* v. *Barouch,* 103 N. Y. App. Div. 577; *Reynolds* v. *Buck,* 127 Iowa, 601; *Hartley* v. *Miller,* 165 Michigan, 115; *Riley* v. *Roach,* 168 Michigan, 294.

In *Barry* v. *Metzger Motor Car Co.,* 141 N. W. Rep. (Mich.) 529, the facts are the same as in the case at bar, the cause of action arising out of the same accident, and the company was held not to be liable. See also *Slater* v. *Advance Thresher Co.,* 97 Minnesota, 305; *Evans* v. *Dyke Automobile Co.,* 121 Mo. App. 266; *Lotz* v. *Hanlon,* 217 Pa. St. 339; *Loehr* v. *Abell,* 174 Michigan, 590.

The master is not liable for the negligence of his servant who takes and uses his automobile without his knowledge or permission, and uses it for his own personal business or pleasure, even though he was not a competent and careful operator. *Jones* v. *Hoge,* 47 Washington, 663; see also *Walton* v. *N. Y. Cent. Co.,* 139 Massachusetts, 556; *McCarthy* v. *Timmins,* 178 Massachusetts, 378; *Way* v. *Powers,* 57 Vermont, 135; *Fiske* v. *Enders,* 73 Connecticut,

338; *Louis. & Nash. R. R. Co.* v. *Gillen*, 156 Indiana, 321; *Morier* v. *St. Paul &c. Ry.*, 31 Minnesota, 351; *Clark* v. *Buckmobile Co.*, 107 N. Y. App. Div. 120; *Northup* v. *Robinson*, 33 R. I. 496; *Colwell* v. *Aetna Bottle Co.*, 33 R. I. 531; *Doran* v. *Thomsen*, 74 N. J. Law, 445.

The act having been held invalid, defendant in error has no statutory right of action; and the servant of plaintiff in error, who was operating the car having acted outside the scope of his authority, defendant in error has no common law right of action.

*Mr. Silas B. Spier* for defendant in error:

As to the extent to which plaintiff in error, a New York corporation, can claim the protection of the Fourteenth Amendment in this court, to invalidate the judgment rendered against it in the court below, see *Selover, Bates & Co.* v. *Walsh*, 226 U. S. 113; *Western Turf Assn.* v. *Greenberg*, 204 U. S. 359, both of which refute its contentions.

Notwithstanding the second and reversing decision of the Michigan court in *Daugherty* v. *Thomas*, 174 Michigan, 371, the Michigan Motor Vehicle Law, in its entirety, is constitutional.

The law is not unreasonable. It merely tries to protect human life, and for that purpose requires that the owner of an automobile must so care for and keep it, that it cannot be used by any person on the public highway in violation of the law, and if so used the owner must respond by payment of the actual damages done by his machine when thus illegally used, except said automobile be stolen. The effect of this police regulation has been beneficial and has saved lives and prevented injury to personal property. Owners of automobiles have protected themselves by insurance. See Cooley's Const. Lim., pp. 164, 572; *People* v. *Schneider*, 139 Michigan, 673; *Mattei* v. *Gillies*, 12 Am. & Eng. A. C., p. 970; Huddy's Law of

Automobiles, 263, 313; *Sonsmith* v. *Pere Marquette R. R. Co.*, 138 N. W. Rep. 347; *Holmes* v. *Murray*, 207 Missouri, 413.

The owner of personal property can be made liable for damages done by it without his negligence. *Shipley* v. *Colclough*, 81 Michigan, 624; *People* v. *Eberle*, 133 N. W. Rep. 519.

The law is a valid police regulation and constitutional in all respects except the provision making the automobile's owner responsible for damages done by it. The act only makes the owner responsible when his automobile, his personal property, is used illegally on the public streets or highways. He can prevent its illegal use and for the benefit of human life and the safety of property should be willing so to do.

As to the power of the legislature to enact laws under the exercise of the police power vested therein, see *Chicago* v. *Sturges*, 222 U. S. 310; *Kidd* v. *Musselman Co.*, 217 U. S. 459; *North American Cold Storage Co.* v. *Chicago*, 211 U. S. 305; *Commonwealth* v. *Kingsbury*, 85 N. E. Rep. 848 (Mass.); *Brown* v. *Kent County*, 140 N. W. Rep. 642, citing *Detroit* v. *Inspectors*, 139 Michigan, 557; *N. Y. Life Ins. Co.* v. *Hamburg*, 140 N. W. Rep. 510.

The provisions of the first section of the Fourteenth Amendment do not guarantee to the individual citizen the unqualified right to do as he chooses with his property, regardless of the rights of others; but such rights are subject to such reasonable restraint, under the police power of the State, as the law-making power may prescribe for the benefit of all the people. *Crowley* v. *Christensen*, 137 U. S. 86, 89, 90, *Corfield* v. *Coryell*, 4 Wash. C. C. 381, Fed. Cas. No. 3,230; *Slaughter House Cases*, 16 Wall. 36, 76; Cooley, Const. Lim. 6th ed. 739–743; *Pool* v. *Trexler*, 76 Nor. Car. 297; *State* v. *Heinemann*, 80 Wisconsin, 256; *Porter* v. *Ritch*, 70 Connecticut, 254; *Commonwealth* v. *Alger*, 7 Cush. 85; *Boston Beer Co.* v. *Mas-*

·sachusetts, 97 U. S. 25, 32; *Mugler* v. *Kansas*, 123 U. S. 623, 655; *Ward* v. *Farwell*, 97 Illinois, 609; *St. Louis & S. F. R. Co.* v. *Matthews*, 165 U. S. 1, 23; *Jacobson* v. *Massachusetts*, 197 U. S. 11, 27.·

The unreasonableness of a law is not a subject for judicial cognizance.  *Mo. Pac. R. Co.* v. *Mackey*, 127 U. S. 205; *Mo. Pac. R. Co.* v. *Humes*, 115 U. S. 512, 520; *Mugler* v. *Kansas*, 123 U. S. 632, 660; *Powell* v. *Pennsylvania*, 127 U. S. 678, 686; *People* v. *Snowberger*, 113 Michigan, 86; *People* v. *Worden Grocer Co.*, 118 Michigan, 608; *Barton* · v. *McWhinney*, 85 Indiana, 488; *Bertholf* v. *O'Reilly*, 74 N. Y. 516; *Reeves* v. *Corning*, 51 Fed. Rep. 787; *McMahon* v. *O'Connor*, 5 Dakota, 412.

Memorandum opinion by direction of the court, by MR. CHIEF JUSTICE WHITE.

· This action, brought in the state court to recover for personal injuries and other damages, was removed by the defendant to the Circuit Court of the United States on the ground of diverse citizenship, and there tried, resulting in a verdict and judgment for the plaintiff.  Direct error is prosecuted to that court (now the District Court) because of the asserted repugnancy of the following statute of the State upon which the recovery was based, to the due process clause of the Fourteenth Amendment:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation by any person of such motor vehicle, whether such negligence consists in violations of the provisions of a statute of this State or in the failure to observe such ordinary care in such operation as the rules of the common law require; but such owner shall not be so liable in case such motor vehicle shall have been stolen."  (Act No. 318, Pub. Acts 1909, subd. 3, § 10.)

The injuries complained of, were caused by the negli-

gence of a chauffeur in operating an automobile owned by the defendant company, resulting in a collision on the highway with plaintiff's horses and the cart in which he with two others were riding. Although the driver of the automobile was in the employ of the defendant company as a car tester and chauffeur, he was not at the time of the accident (about midnight) engaged in the company's business, but had taken the car without the knowledge or consent of the company and in violation of its rules for the purpose of pleasure-riding with his friends. Under these facts, aside from the statute, the court below charged the jury, and it is not here disputed, that the plaintiff could not recover under the law of Michigan for the injuries suffered, and hence that his right to recover, if any, was exclusively under the statute.

The duty of considering the contention here urged, the unconstitutionality of the statute, is rendered unnecessary by decisions of the Supreme Court of the State since the trial of this case in which the statute was held void because in conflict with both the state and the United States constitutions. *Daughtery* v. *Thomas*, 174 Michigan, 371; *Barry* v. *Metzger Motor Car Company*, 175 Michigan, 466. We say this because while it is undoubtedly our duty to decide for ourselves whether the statute is repugnant to the Constitution of the United States, we must accept the ruling of the state court as to the repugnancy of the statute to the state constitution. As the effect of the state decision on that subject is to determine that *ab initio* the statute was void, and as there was admittedly no right to recover in the absence of a valid statute, the obvious duty to reverse results.

There is a suggestion in the argument that prior to the decisions of the state court to which we have referred which expressly held the statute to be unconstitutional there had been a ruling of that court deciding it not to be repugnant to the state constitution. *Johnson* v. *Sergeant,*

134 N. W. Rep. 468. But it is to be observed that as to that ruling the court in the *Daugherty Case* declared that the statement as to the constitutionality of the statute made in the *Johnson Case* was merely *obiter*. Even however, if this were not the case, we cannot now treat as existing, a statute which the court of last resort of the State declares cannot be enforced compatibly with the state constitution. And as here there is no claim of rights acquired under contract in the light of a settled rule of state interpretation of a state law or constitution, there is no foundation whatever for upholding assumed rights which can alone rest upon the existence of a state statute when the state court of last resort has held there is no valid statute to sustain them.

*Reversed.*