## SMALLWOOD v. UNITED STATES.

### No. 7088.

Circuit Court of Appeals, Fifth Circuit.

Dec. 19, 1933.

Leonard Brown, of San Antonio, Tex., for appellant.

W. R. Smith, Jr., U. S. Atty., of San Antonio, Tex.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant and his wife were convicted under an indictment containing three counts, each of which charged them with a violation of the National Prohibition Act (27 USCA). As to the imprisonment imposed on the wife, the execution of the sentence was suspended, and she was released upon probation, and did not appeal. Nothing is complained of except the action of the court in overruling an objection of the accused to all the evidence offered by the government, on the ground that the same was obtained by an unlawful search of the dwelling of the accused, and in denying motions to exclude such evidence upon the above stated ground, one of which motions was made upon the conclusion of the evidence offered by the government, and the other upon the conclusion of all the evidence submitted.

The evidence submitted by the government included testimony to the following effect: Premises known as 246 Ridge drive are located about seven miles northwest of San Antonio, in Bexar county, Tex., in a sparsely settled locality, the house fronting west and near to a road running north and south, that house being between three hundred and four hundred yards from any other house. After receiving information of the violation of the National Prohibition Act on the above-mentioned premises, two federal prohibition investigators, on March 17, 1933, went in an automobile to the vicinity of those premises and parked their car on a road at a point between three hundred and four hundred yards from that house and watched that place from about 11 o'clock in the forenoon until about 12 o'clock that night. About 2:30 o'clock in the afternoon they saw a car which had been parked near the entrance of that house leave the place, and they followed it until it stopped at a grocery store in San Antonio and until it returned to said premises in about thirty minutes, when they saw two men carry six sacks of sugar to the basement door on the south side of the house. That night the two officers left their car and walked through an open field to a point about seventy-five or one hundred yards from the house where they found a hole in the ground which was filled with whisky mash which had been cooked, that hole being surrounded by mesquite brush, and saw a pipe which ran from that hole to the house. In the afternoon of the next day, March 18th, the two officers returned to the place where they had parked their car the day before. That night they saw an automobile with two women in it make two trips from the house, staying away on each trip about thirty minutes. The officers drove by the house on the road in front of it and as they passed the house smelled a strong odor of whisky mash in a state of fermentation. At about 3 o'clock in the afternoon on March 19th, the two officers returned and parked their car at the place where they parked it the day before. After they saw a man go in the basement door of the house they drove past the house and as they passed it they smelled a strong odor of cooking whisky mash, which indicated the presence of a still making whisky. They then drove into the driveway leading to the house, and, after blowing the horn of their automobile, remained therein. Appellant's wife came to the door of the house and out on the porch. One of the officers asked her if she lived there, and she said she did. Upon one of the officers telling her that they were federal officers she went back into the house. In a few seconds she returned, and, upon one of the officers asking her if her husband was there, she said he was not. Upon being asked if the two cars which were parked in the driveway near the basement door of the house were hers, she said: "Yes." Upon being asked if she was cooking whisky she said: "Yes." Thereupon one of the officers said he wanted to look into the basement, whereupon she went into the house. Then the officers got out of the car and walked to the door of the basement, which was open, and through the open door they saw in the basement a number of barrels containing mash, bottles containing what appeared to be whisky, and a hose leading from one of the mash barrels up through a trapdoor in the top of the basement and a ladder going up to that door. One of the officers entered the basement room and went up the ladder, and, looking through the opening, saw appellant's wife standing by the side of a still which was in operation, and he told her that she was under arrest. In that place the officers found two stills, one of which then was in operation, whisky running out of the coil, 1,350 gallons of whisky mash, 222½ gallons of whisky, and other articles used in making and storing whisky. After the two officers looked through the open door of the basement and saw what was therein, as above stated, one of them went around to the back door of the house, and saw the appellant leap over the back fence and run through an open pasture. That officer pursued the appellant and arrested him. In the basement room and the two rooms above it, there was nothing but the stills, mash, whisky, and things used in

246

the manufacture and storage of whisky. Another part of the house was used as a dwelling.

The evidence as to the officers finding cooked whisky mash in a hole into which led a pipe from the house in which the accused resided was not subject to objection on the ground stated. The protection accorded by the Fourth Amendment to the people in their "persons, houses, papers and effects" does not extend to such a place as the one where the hole containing whisky mash was found. Hester v. United States, 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898.

According to above referred to testimony, before the officers entered the house through an open door, by means of their senses they were apprised of the fact that the house then was occupied by one or more persons engaged in the commission of a continuing felony. It fairly may be said that the arrests of the accused were made for offenses committed in the presence of the officers. Hawkins v. Lutton, 95 Wis. 492, 70 N. W. 893, 60 Am. St. Rep. 131; 5 Corpus Juris, 416. A warrant is not required to justify an arrest for an offense committed in the presence of the arresting officer and the contemporaneous search of the place where the arrest is made in order to find and seize things connected with the crime as to its fruits or the means by which it was committed. Agnello v. United States, 269 U. S. 20, 30, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; Vecchio v. United States (C. C. A.) 53 F.(2d) 628, 629. Such search as was made of the part of the building which was the scene of criminal acts then being committed was permissible because it was incident to arrests made for offenses committed in the presence of the arresting officers.

All the evidence submitted by the government not being subject to objection or to be excluded on the ground stated, the above-mentioned rulings were not erroneous.

Though the judgment is not subject to be reversed because of error committed by the trial court, we take notice of the fact that, since the judgment was rendered, the appeal therefrom was taken, and the case was submitted in this court, the repeal of the Eighteenth Amendment to the Constitution has become effective, and of the effect on the judgment of such repeal. The power of Congress to create and authorize the punishment of the offenses charged in the indictment was conferred by the repealed amendment. An effect of the repeal of the Eighteenth Amendment, without any saving clause, was to repeal the statute creating the offenses charged in the indictment. When, during the pendency in an appellate court of a criminal case, the statute creating the crimes charged is repealed without any saving clause, the appellate court must dispose of the case under the law in force when the decision is given, though to do so requires the reversal of the judgment which was right when rendered. Gulf, Colorado & Santa Fe Ry. Co. v. Dennis, 224 U. S. 503, 32 S. Ct. 542, 56 L. Ed. 860; Metzger Motor Car Co. v. Parrott, 233 U. S. 36, 34 S. Ct. 575, 58 L. Ed. 837; Yeaton v. United States, 5 Cranch, 281, 3 L. Ed. 101; Hartung v. People, 22 N. Y. 95; Keller v. State, 12 Md. 322, 71 Am. Dec. 596; 4 C. J. 1119. In support of the statement to the above effect in the opinion in the case of Gulf, Colorado & Santa Fe Ry. Co. v. Dennis, supra, the court cited criminal cases, including the case of Hartung v. People, supra, in which the rule stated was applied. A result of the repeal of the Eighteenth Amendment being that a judgment of conviction on the charges made in the indictment is unauthorized by the law now in existence, the judgment appealed from is reversed and annulled.

Reversed.