GREENSTEIN v. CRAWFORD, United States Marshal.

No. 763.

District Court, N. D. Georgia, Atlanta Division.

Jan. 2, 1934.

Frank A. Doughman, of Atlanta, Ga., for petitioner.

Clint W. Hager, U. S. Atty., and H. T. Nichols, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

The above-entitled proceeding came on for hearing and was duly heard by the court.

Petitioner was sentenced in the United States District Court for the Southern District of New York on an indictment in three counts, the first charging conspiracy to violate the National Prohibition Act, and the second charging the maintenance of a nuisance, in violation of said act (see 27 US CA). The third count was dismissed by the court.

The sentences on the first two counts were as follows:

"Count 1—Two (2) Years

"Count 2—One (1) Year

"Sentences on counts 1 and 2 to run consecutively.

"Total sentence three years.

"Sentence to be executed at the United States Penitentiary, Atlanta Ga.

"Sentence to date from May 11, 1932.

Petitioner was committed to the federal penitentiary at Atlanta, Ga., and served the sentence of two years on the first count. He was thereupon released to the custody of the respondent to be transferred to New York for service of the one-year sentence on the second count in a penal institution in that state.

Petitioner thereupon applied for writ of habeas corpus upon the ground that the sentence imposed on the second count was void, and his detention therefor unlawful, because the crime charged was a misdemeanor, and could not be served in a penitentiary, and that, since the ratification of the Twenty-First Amendment to the United States Constitution, no legal sentence could now be imposed.

It is clear that the sentence on the second count is void since it undertakes to impose imprisonment in a penitentiary for a misdemeanor.

"The judgment of the court sentencing the petitioner to imprisonment in a penitentiary, in one case for a year and in the other for six months, was in violation of the statutes of the United States. The court below was without jurisdiction to pass any such sentences, and the orders directing the sentences of imprisonment to be executed in a penitentiary are void. This is not a case of mere error, but one in which the court below transcended its powers." In re Mills, 135 U. S. 263, 10 S. Ct. 762, 764, 34 L. Ed. 107. See, also, In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149; Armenta v. United States (C. C. A. 9th) 48 F.(2d) 568.

Ordinarily, where a sentence is void, the court may reassume jurisdiction and impose a proper sentence, but in this case, under the ruling of the Circuit Court of Appeals for the Fifth Circuit, in the case of Smallwood v. United States, 68 F.(2d) 244, decided December 19, 1933, no new sentence could be imposed, since there now exists no law under which petitioner can be resentenced.

This court, therefore, cannot return petitioner to the court in which he was tried for resentence, but must, since the penitentiary sentence is void, discharge him.

Whereupon it is considered, ordered, and adjudged that the writ of habeas corpus be, and the same is hereby, sustained, and that respondent discharge petitioner from custody forthwith.