590

## UNITED STATES v. BACON.
### No. 10480.

District Court, W. D. Texas, San Antonio
Division.

April 23, 1934.*

W. R. Smith, Jr., U. S. Atty., and Henry
W. Moursund, Asst. U. S. Atty., both of San
Antonio, Tex.

Leonard Brown, of San Antonio, Tex.,
for defendant.

McMILLAN, District Judge.

Defendant stands charged by indictment
on four counts, all of which arise out of the
internal revenue laws of the United States.
The counts substantially charge possession of
a still set up without registration, engaging in
the business of a distiller without having
given bond, engaging in the business of a dis-
tiller with intent to defraud the United States
of the tax on the spirits distilled, and the mak-
ing of 3,750 gallons of mash fit for the dis-
tillation of spirits at a place other than a dis-
tillery duly authorized by law. 26 USCA §§
281, 306, 307. The offenses are charged to
have been committed on or about the 13th
day of February, 1934.

The indictment is attacked generally by
demurrer upon the ground that no offense is
charged against the defendant, Walter Ba-
con, under the laws of the United States; it
being claimed that the sections of the statute
under which he was indicted have been re-
pealed by the recent action of the states in
repealing the Eighteenth Amendment to the
Constitution.

The ground of attack is, of course, funda-
mental. It goes to all of the counts, and, if
the position taken by the defendant is cor-
rect, is very far reaching in its consequences.

After the adoption of the Eighteenth
Amendment and the passage by the Congress
of the Volstead Act (27 USCA), the inevita-
ble conflict arose between the provisions of
the Volstead Act and the internal revenue
laws. That was necessarily true, inasmuch as
the internal revenue laws had been passed and
repassed and amended during the time when
the sale of liquor was contemplated and large
revenues derived by the government from it,
and, the sale of it being later largely pro-
hibited there were necessarily certain incon-
sistencies between portions of the Revenue
Act and the new prohibitory law. The lower
federal courts were in division about the mat-
ter, a great majority of them holding that
large parts of the revenue law affected by the
liquor traffic were repealed. The matter was
finally settled by the Supreme Court in the
case of United States v. Yuginovich et al., 256
U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, it
holding there that a number of sections,
among others the ones we are interested in
here, had been repealed by the adoption of
the Eighteenth Amendment and the passing

* Notice of appeal to the Circuit Court
of Appeals, Fifth Circuit, given, but ap-
peal not completed.

of the subsequent enforcing law. Congress, however, was not content with that situation. Very promptly, after the decision in the Yuginovich Case, supra, they inserted in a supplemental act to the Volstead Act a general provision either continuing in effect or re-enacting all revenue laws as they had theretofore existed regarding intoxicating liquors, save and except in such instances as they were in direct conflict with the liquor law, with the proviso that prosecution and conviction under either the liquor law or internal revenue law should be a bar to prosecution and conviction under the other statute.

That act was a part of what is commonly known as the Willis-Campbell Act, and is section 5 thereof (27 USCA § 3), and it was finally construed by the Supreme Court of the United States in the case of United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. It was there held that the intention of the Congress was to restore or re-enact the internal revenue laws that had theretofore existed, but that the section was not retroactive so as to cover and penalize matters that had transpired during what we commonly know as the hiatus. Since that time the Internal Revenue Act and the Liquor Act have been in force concurrently, despite the fact that they contain different penalties, and the government agencies, at their option or election, have proceeded first under one and then the other, both as to prosecution and as to matters of forfeiture; the latter matters forming many opportunities for hair-splitting refinements. However, it has been well recognized that they were concurrently in effect.

■ We now come to the time when a part of this body of the law has been repealed, that is to say, the liquor law, the prohibitory law passed by the federal Congress in pursuance of the Eighteenth Amendment, is now repealed, and the contention is made and forcefully argued by counsel for the defendant that the effect of the repeal of that law is to repeal the provisions of the internal revenue law in so far as they were either continued in effect or re-enacted by the Willis-Campbell Act. If that be true, no offense is charged here under this indictment, and the case should be dismissed.

However, I do not think that is true. The Supreme Court of the United States very early recognized that the government has a right to levy a tax upon and obtain revenue from a traffic which is prohibited. The argument was early made, with relation to these internal revenue cases, that, since the traffic was prohibited, no revenue could legally be derived from it. That theory was promptly exploded and denied in many cases, among others, the leading case of United States v. One Ford Coupé Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. Accordingly, Congress unquestionably manifested its intention that these internal revenue provisions with regard to the liquor traffic should be retained side by side and along with the Prohibition Act. That has not been an uncommon thing in the history of this country. Most of us remember when the tax branch of the federal government in its diligence constantly collected revenue from the sale of liquors in local option counties in Texas and other places in Texas where sale was forbidden by law. The tax branch of the federal government took the position that it could and should collect the tax regardless of where the liquor was sold, and that position was sustained by the courts.

■ The gravamen of the defendant's complaint with regard to this matter is that this section 5 of the Willis-Campbell Act which re-enacted the revenue laws is so commingled with and a part of the supplemental Prohibition Act that it was the purpose and intention of the Congress that it constitute and be enforced as a part of the Prohibition Act, and, that the Prohibition Act having been repealed, it necessarily falls with it. That position, while plausibly argued, is untenable. Section 5 is a general provision entitled to stand upon its own bottom, and obviously expresses the intention of the Congress that the Revenue Act should continue to be effective with regard to intoxicating liquors.

Some hair-splitting distinctions have been made in the briefs as to whether the liquor revenue laws were continued in force or whether they were re-enacted. It hardly seems logical to say, after the Supreme Court has held that the Revenue Acts were repealed, that the Congress could continue them in force. There was certainly a period when they were not in force, as shown by the Stafoff Case, supra. In my opinion, they were re-enacted. Whether they were continued in force or re-enacted is merely a play on words, for the fact is they were in force at the time the offense alleged to have been committed here took place, unless they were repealed by the repeal of the Eighteenth Amendment.

The repeal of the Eighteenth Amendment unquestionably, under the decision of the Supreme Court of the United States in the Chambers Case, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510, and of the Circuit Court of Appeals for the Fifth Circuit in the Smallwood Case, 68 F.(2d) 244,

repeated the prohibition law, that is to say, as to the future and as to those offenders who have not been finally sentenced.

■ Accordingly, so far as the liquor laws are concerned, there is no law in force under which an alleged offender might be tried. However, all rules of statutory construction are opposed to the theory that this general provision re-enacting the internal revenue law is repealed by the repeal of the liquor laws. The congressional history of the matter clearly indicates that the contrary was the intention of the Congress. It was through a probable inadvertence in the passing of the Volstead Act that the revenue laws were repealed. Despite the fact that the Congress had said in general terms in the Volstead Act that it was the intention to retain the taxing statute, it was found by the Supreme Court in the Yuginovich Case that these provisions of the revenue law had been repealed. The Congress hastily moved to reinstate them, and they have remained there ever since, through many Congresses; they have been construed and upheld by the courts; and for this court to hold that they are now repealed by implication is too far a cry. Repeals by implication are not favored. Despite the fact that this section 5 appears in what is generally known as a supplemental Prohibition Act, it is complete within itself.

A similar contention was made in the Bogle Case [Bogle v. White (C. C. A.) 61 F. (2d) 930], in which a provision of the statute with regard to the interstate shipment of game in violation of the law of a state was involved. One small provision was inserted there in an act passed for the purpose of enforcing the Migratory Bird Treaty with Canada substantially forbidding the interstate shipment of any game taken in violation of the laws of the state. The contention was made plausibly that it applied only to migratory birds. Still the matter was held to the contrary in that case by the appellate courts as well as the lower court, they holding that it was a general provision based not upon the Migratory Bird Treaty, but upon the power of the Congress to regulate commerce between the states.

■ The passage of these regulations under the revenue law does not have its spring or authority in the Eighteenth Amendment, but is hinged upon the power of the Congress to levy an excise tax, which power still inheres and exists. They are regulations passed for the purpose of insuring the collection of that tax, and they have been for many years upheld.

It is accordingly the opinion of the court that the repeal of the Eighteenth Amendment and the consequent repeal of the Volstead Act as amended (27 USCA) does not operate to repeal those sections of the internal revenue law which are involved in this case, and the demurrers to the indictment will be over-ruled.