# TRAMP v. UNITED STATES.

## No. 10696.

Circuit Court of Appeals, Eighth Circuit.

Nov. 5, 1936.

Eugene D. O'Sullivan, of Omaha, Neb. (Charles J. Southard, of Omaha, Neb., and Harold A. Doyle, of Yankton, S. D., on the brief), for appellant.

Fred G. Hawxby, Asst. U. S. Atty., of Omaha, Neb. (Joseph T. Votava, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., and Barlow Nye, Asst. U. S. Atty., of Lincoln, Neb., on the brief), for the United States.

Before GARDNER, SANBORN, and FARIS, Circuit Judges.

GARDNER, Circuit Judge.

Appellant, with five others, was indicted in an indictment charging, among other things, a conspiracy to violate sections 1162, 1184, and 1185, title 26 U.S.C.A.(R.S. § 3258, and sections 3281, 3282, as amended). He filed a special demurrer to count 1, the conspiracy count of the indictment, which is the count upon which judgment and sentence were entered, challenging the count as being duplicitous and charging more than one offense. The same objection to the indictment was raised by motion to quash and by motion in arrest of judgment. The court overruled the contention of appellant.

By the same motions and pleadings, and also by a motion to quash a search warrant

and to return or suppress evidence, appellant urged upon the lower court the contentions that sections 1162, 1184, and 1185, title 26 U.S.C.A., were rendered inoperative on December 5, 1933, by the adoption of the Twenty-first Amendment to the Constitution. Count 1 of the indictment charges the conspiracy to have been committed "on or about August 11, 1934, and continuously up to and including August 7, 1935." These contentions were likewise overruled by the lower court.

Appellant entered a plea of nolo contendere to the first or conspiracy count of the indictment, which plea was accepted by the court, and thereupon all the other counts of the indictment were dismissed. On the plea entered, the court sentenced appellant to a term of eighteen months in jail and to pay a fine of $2,500.

On this appeal appellant seeks reversal on the grounds that (1) the indictment is duplicitous, and (2) sections 1162, 1184, and 1185, title 26 U.S.C.A., were rendered inoperative by the adoption of the Twenty-first Amendment.

The case has been well briefed and ably argued.

█ 1. The contention of duplicity is based upon the assumption that count 1 charges two separate conspiracies. The count in substance charges that the appellant, Lena Tramp, Louis Kuchta, Arnold Diedé, Theodore Kleinschmit, and Theodore A. Kleinschmit conspired to install, equip, and set up an illicit distillery on the farm of Theodore Kleinschmit, "and likewise" to do the same thing on the farm of Theodore Schmidt; that, pursuant to the conspiracy, on or about November 11, 1934, appellant is alleged to have come to the Kleinschmit farm, where he had a conference with Theodore Kleinschmit and his son, Theodore A. Kleinschmit, Jr., whereupon it was agreed that Clem Tramp, "and others whose names are unknown to the grand jurors, might install and operate one of Clem Tramp's stills on the said Kleinschmit farm; that said Clem Tramp was to haul the machinery and distillery equipment to said farm and install the still and furnish all raw materials, and the said Kleinschmits were to be paid $100.00 a month for operating the still and for the use of their hog house." This is the first overt act alleged. As the third overt act, it is alleged that about the middle of November, 1934, appellant and Lena Tramp went to the farm home of Schmidt, where sub-

stantially the same thing occurred as at the Kleinschmit farm, and the same kind of an arrangement was made.

The use of the words "and likewise" is urged by appellant as charging two separate conspiracies, and this, he contends, is made more apparent by the separate character of the overt acts, some contemplating the use of the Kleinschmit farm and others contemplating the use of the Schmidt farm. The indictment alleges that the defendants conspired to unlawfully equip and set up an illicit distillery on the Kleinschmit farm "and likewise" to do the same thing on the Schmidt farm. Not that they conspired to do these acts on the Kleinschmit farm "and likewise" conspired to do similar things on the Schmidt farm. Clearly, but one conspiracy is alleged. The offense charged is conspiracy, which is an entirely distinct one from the crimes or unlawful acts which the parties undertake to accomplish. There is no legal impediment to entering into a conspiracy to commit several crimes. The gist of the offense is the conspiracy, and it is single, though its object is to commit a number of separate crimes. John Gund Brewing Co. v. United States (C.C.A.8) 206 F. 386; Knauer v. United States (C.C.A.8) 237 F. 8; Anderson v. United States (C.C.A.8) 273 F. 20; Dowdy v. United States (C.C.A.4) 46 F.(2d) 417; Stanley v. United States (C.C.A.8) 195 F. 896; Frohwerk v. United States, 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561.

██ Appellant also contends that one may construe the indictment to mean that these overt acts were committed without the knowledge of all the defendants. For example, Schmidt (not a defendant) may not have known what appellant did on the Kleinschmit farm, or Kleinschmit (a defendant but not an appellant) may not have known what appellant and Lena Tramp did on the Schmidt farm. But the indictment clearly charges that the defendants were members of the conspiracy and it is not necessary that all of them should have joined in committing the overt acts. In fact, not more than one of the conspirators need take part in the overt act. Babb v. United States (C.C.A.8) 27 F.(2d) 80; Williams v. United States (C.C.A.6) 3 F.(2d) 933; United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 684, 59 L.Ed. 1211. The indictment alleges the formation of the conspiracy by the defendants, alleges its object, and charges that, in pursuance of the conspiracy, and to effect its object, the defendants, or some

of them, committed the overt acts. The overt act alleged in an indictment for conspiracy need not of itself be a crime. As said in United States v. Rabinowich, supra: "There must be an overt act; but this need not be of itself a criminal act; still less need it constitute the very crime that is the object of the conspiracy. * * * Nor need it appear that all the conspirators joined in the overt act. * * * A person may be guilty of conspiring, although incapable of committing the objective offense. * * * And a single conspiracy might have for its object the violation of two or more of the criminal laws, the substantive offenses having, perhaps, different periods of limitation."

We conclude that the lower court correctly overruled appellant's contention, variously asserted, that the indictment is duplicitous.

2. It remains to consider the contention that sections 1162, 1184, and 1185, title 26 U.S.C.A., were rendered inoperative by the adoption of the Twenty-first Amendment to the Constitution. These sections were repealed by the National Prohibition Act. United States v. Stafoff, 260 U.S. 477, 43 S.Ct. 197, 199, 67 L.Ed. 358; United States v. Yuginovich, 256 U.S. 450, 41 S.Ct. 551, 65 L.Ed. 1043. Section 3 of title 27 U.S. C.A., 42 Stat. 223, took effect November 23, 1921. It contained provision that all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violation of such laws as were in force on October 28, 1919 (when the National Prohibition Act, 27 U.S.C.A., 41 Stat. 305, took effect), should be and continue in force as to both beverage and nonbeverage liquor, except such provisions of such laws as were directly in conflict with the Prohibition Act. Section 3 of title 27 U.S.C.A., from the time it went into effect, "had the same operation as if instead of saying that the laws referred to shall continue in force it had enacted them in terms." United States v. Stafoff, supra. The Twenty-first Amendment to the Constitution became effective December 5, 1933. When that amendment became effective, the Eighteenth Amendment at once became inoperative, and the National Prohibition Act, to the extent that its provisions rested upon the grant of authority to the Congress by the Eighteenth Amendment, fell with the withdrawal of that authority. United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510.

The contention of appellant that section 3, title 27 U.S.C.A., fell also is based on the assumption that this section was "essentially grounded upon and had its roots in the Eighteenth Amendment," as appellant asserts in his brief. The construction given the Eighteenth Amendment and the National Prohibition Act by the Supreme Court in United States v. Yuginovich, supra, was doubtless the reason why Congress enacted section 3, title 27, supra. But the power to continue or re-enact these revenue measures was not derived from the Eighteenth Amendment. Whether other sections of the act in which section 3 is embraced depended upon the Eighteenth Amendment for their existence is not here material and need not be considered. It is sufficient that Congress has expressed an intent that these revenue measures shall continue to be operative, the Prohibition Act notwithstanding. Rand v. United States (C.C.A.8) 77 F.(2d) 52; Benton v. United States (C.C.A.4) 70 F.(2d) 24; Deutsch v. Aderhold (C.C.A.5) 80 F.(2d) 677; United States v. Bacon (D.C.) 7 F.Supp. 590. This contention of appellant is without merit.

The judgment and sentence appealed from should be affirmed, and it is so ordered.