# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00073-CV

**Ron Strybos and Texas Division, Sons of Confederate Veterans, Inc., Appellants**

**v.**

**Rick Perry, in his Official Capacity as Governor of the State of Texas;**
**Wallace Jefferson, in his Administrative Capacity; and Edward Johnson,**
**in his Official Capacity as Executive Director of the Texas Facilities Commission, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT**
**NO. D-1-GN-00-001678, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Ron Strybos and Texas Division, Sons of Confederate Veterans, Inc. appeal the summary judgment granted against them on their claims that two plaques were wrongfully removed from the Texas Supreme Court Building. They sued three State of Texas officials in their administrative or official capacities—the governor, the chief justice of the supreme court, and the executive director of the agency "in charge and control" of state buildings. Appellants contend that the removal of the plaques, and the installation of new plaques, was in violation of the state constitution and statutes pertaining specifically to the Supreme Court Building, and generally in violation of the manner in which the State is required to handle historical markers. We affirm the judgment in part, reverse and render judgment in part, and reverse and remand in part.

The parties agree regarding much of the history underlying this dispute, but disagree regarding what law applies and how the applicable law affects the facts presented. In 1954, voters amended the Texas Constitution to permit funds in a pension benefitting Confederate veterans and their widows to be transferred to the State Building Fund. The amendment provided that the first major structure built "shall be known and designated as a memorial to the Texans who served in the Armed Forces of the Confederate States of America, and shall be devoted to the use and occupancy of the Supreme Court and such other courts and State agencies as may be provided by law." *See* Tex. Const. art. III, § 51-b(c) (repealed 1978).[1] The enabling legislation passed in 1957 provided that the building

> shall be known and properly designated by the State Building Commission as a memorial to the Texans who served in the Armed Services of the Confederate States of America, and a suitable cornerstone or plaque, or other proper means of designation, shall be integrated into the construction of the building to effectuate this memorial purpose.

*See* former Tex. Civ. Stat. Ann. art. 678m, § 11.[2] The Supreme Court Building was constructed with a cornerstone, laid in 1957, that contains copies of the constitutional amendment and statutes designating the building as a memorial to Texas Confederate veterans, a roster of the officers of the United Daughters of the Confederacy, a Confederate flag, and Confederate currency. The

---

[1] *See* Act of April 30, 1953, 53d Leg., R.S., S.J.R. 10, 1953 Tex. Gen. Laws 1172.

[2] *See* Act of June 24, 1955, 54th Leg., R.S., ch. 514, § 11, 1955 Tex. Gen. Laws 1298, 1300, *repealed by* Act of May 26, 1979, 66th Leg., R.S., ch. 773, § 99.05, 1979 Tex. Gen. Laws 1908, 1960.

supreme court moved into the building in 1959. In the mid-1960s, two plaques, the cost of which was included in the original contract price for the building, were installed in the foyer of the Supreme Court Building. One plaque stated, "Dedicated to Texans who served the Confederacy." The other contained the following quote from General Robert. E. Lee: "I rely on Texas regiments in all tight places, and I fear I have to call on them too often. They have fought grandly, nobly."

In 1978, voters amended the constitution to repeal provisions concerning the State Building Commission, including article III, section 51-b, the provision for the Supreme Court Building. In 1979, the legislature repealed the enabling statute concerning the Supreme Court Building. *See* Act of May 26, 1979, 66th Leg., R.S., ch. 773, § 99.05, 1979 Tex. Gen. Laws 1908, 1960.

In June 2000, the original plaques were removed and replacements installed in what was described in an interagency e-mail as "'routine maintenance' order." One of the new plaques states, "The courts of Texas are entrusted with providing equal justice under the law to all persons regardless of race, creed, or color." The other states, "Because this building was built with monies from the Confederate Pension Fund, it was, at that time, designated as a memorial to the Texans who served the Confederacy."

Appellants filed suit, alleging that the removal of the original plaques and installation of the new ones violated Texas Constitution article III, section 51-b; the antiquities code (chapter 191 of the natural resources code); open meetings provisions; and the government code.[3] Appellants

---

[3] The suit was initially filed against Jim Muse, in his official capacity as Executive Director of the Texas General Services Commission. Eventually, the governor and the chief justice of the supreme court were added as defendants.

3

requested a declaratory judgment that the violations occurred as well as a mandatory injunction ordering removal of the new dedication plaque and the reinstallation of the original plaques, or the installation of the original plaques at a prominent position in the building.

Both sides filed motions for summary judgment. Appellants contend that the undisputed facts show that none of the appellees or their employees were legally authorized to remove the original plaques and install new ones without a public hearing. The appellees sought summary judgment alleging, in part, that the law on which appellants base their claims does not apply to the removal of the original plaques or the installation of the new plaques. The trial court granted the appellees' motion for summary judgment and denied appellants' motion.

We review summary judgments de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A traditional motion for summary judgment should be granted only when the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). When both parties move for summary judgment and the trial court grants one party's motion and denies the other party's, as occurred in this case, the reviewing court should review both sides' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). If the district court erred, we will reverse and render the judgment the court should have rendered. *Id.*

Appellants contend that the appellees' actions violated the constitutional provision authorizing construction of the Supreme Court Building and the enabling legislation that

4

accompanied it. *See* former Tex. Const. art. III, § 51-b; former Tex. Civ. Stat. Ann. art. 678m. The amendment authorized transfer of funds from the Confederate Pension Fund to the State Building Fund, required that the first building constructed with those funds be "known and designated as a memorial to the Texans who served in the Armed Forces of the Confederate States of America," and that the building be used by the supreme court. Former Tex. Const. art. III, § 51-b. The statute additionally specified that "a suitable cornerstone or plaque, or other proper means of designation, shall be integrated into the construction of the building to effectuate this memorial purpose." Former Tex. Civ. Stat. Ann. art. 678m. These former constitutional and statutory provisions were undisputedly repealed more than two decades before the original plaques were removed and the new ones installed, however. The repeal of a statute does not affect any right acquired or accrued under it. Tex. Gov't Code Ann. § 311.031 (West 2005). When a cause of action is based on a statute, however, the repeal of that statute without a savings clause for pending suits immediately abrogates the right of action unless the rights have become vested. *See Smallwood v. United States*, 68 F.2d 244, 246 (5th Cir. 1933); *Quick v. City of Austin*, 7 S.W.3d 109, 128 (Tex. 1998). Neither amendment contained a savings clause preserving rights or directives of the repealed provisions. Tex. S.J. Res. 48, § 1, 65th Leg., R.S., 1977 Tex. Gen. Laws, 3367, 3367 (proposal); 1979 Tex. Gen. Laws 3266 (vote); Act of May 26, 1979, 66th Leg., R.S., ch. 773, § 99.05, 1979 Tex. Gen. Laws 1908, 1960. Thus, if the provisions have no remaining effect, they were not violated.

We need not decide if the former provisions have any remaining force because, even if their repeal was a mere housekeeping maneuver, the undisputed evidence shows that the appellees' actions did not violate the former provisions. The constitution and the statute required that the

5

Supreme Court Building be dedicated to Confederate veterans. It was and still is. The language of the dedication has changed and the plaque memorializing the dedication has changed. The new dedication plaque states that the building "was, at that time, designated as a memorial to the Texans who served the Confederacy." While one might infer from that phrasing that the building is no longer so dedicated, the plain meaning of the words is that, in 1957, the building was dedicated as a memorial to the Texans who served the Confederacy. That is consistent with the former constitutional and statutory mandates and is consistent with the facts in the record. The plaque does not state that the building has been undedicated or rededicated. The news release issued by the General Services Commission on June 12, 2000, expressly states, "The building is still dedicated to Texas Civil War veterans."[4] The constitutional mandate that the building be known and designated as a memorial to Texans who served in the Armed Forces of the Confederate States of America remains fulfilled. Even if rights under the prior constitutional and statutory scheme are at issue here, that scheme required a dedication of the building to Texas Civil War veterans. It did not require that the dedication be immutable over time. The appellees did not violate former constitution article III, section 51-b.

The former statute additionally required that a suitable cornerstone or plaque, or other proper means of designation be integrated into the construction. The statute did not specify that any particular wording be included on the commemorative feature, that any commemorative feature installed could not be replaced, or that any particular administrative procedure must be followed

---

[4] We note that the news release was issued three days after this suit was filed.

6

to remove or replace the commemorative feature. The original cornerstone remains undisturbed, integrated into the building. The new plaque noting the building's designation as a Confederate memorial is attached to the building where the original plaque noted the dedication. The original plaque containing the Lee quote, while complementing the original dedication plaque, did not itself speak to the dedication. Its removal, therefore, did not infringe on the constitutional and statutory mandates regarding dedication and commemoration of the dedication. Although the new plaque regarding the court system did not address the dedication requirement, neither the constitutional nor statutory provision prohibited the installation of plaques unrelated to the dedication of the building. The appellees' removal of the original plaques and installation of new ones did not violate former article 678m.

Appellants contend that the appellees' removal of the original plaques violated the antiquities code's prohibition of damage or destruction of specified types of property. *See* Tex. Nat. Res. Code Ann. § 191.132(b) (West 2001). The antiquities code is intended to protect and preserve sites, buildings, and locations of historical, archeological, educational, or scientific interest. *Id*. § 191.002 (West 2001). Appellants contend that the appellees violated the following provision: "A person who is not the owner shall not wilfully injure, disfigure, remove, or destroy a historical structure, monument, marker, medallion, or artifact without lawful authority." *Id*. § 191.132(b).

Assuming—without deciding—that the plaques are historical markers under the statute, we conclude as a matter of law that section 191.132(b) did not prohibit their removal by the appellees. It is undisputed that the State owns the Supreme Court Building. Appellants contend that the State or the people of the State collectively own the building, not any

7

individual—particularly not the appellees. The people of the State, however, choose representatives to conduct their collective business. The legislature passes laws, and the executive branch implements and enforces the policies and mandates embodied therein. The supreme court and its justices, the governor, and the executive director of the general services commission are, when acting in their official or administrative capacities, the State. *See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) ("A suit against a state official in his official capacity 'is not a suit against the official personally, for the real party in interest is the entity.'"). Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and "is, in all respects other than name, . . . a suit against the entity." *Id*.; *see also Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855-56 (Tex. 2002).[5] The legislature has decided that, as custodian of state property, the Facilities Commission has "charge and control of all public buildings, grounds, and property." *See* Tex. Gov't Code Ann. § 2165.001 (West 2008). Accordingly, the removal of the plaques at the behest of any of the appellees acting in their official, administrative, or representative capacities did not violate section 191.132 because their official status rendered them effectively acting for the State, the State is undisputedly the owner of the building, and the statute placed no restriction on the right of an owner to remove a historical marker from the owner's property.[6] This is true even when the State is the owner.

---

[5] Consistent with this, appellants' suit is against the current officials, not the officials who made the decisions in 2000.

[6] This case is not controlled by Texas Government Code section 2166.5011. That section defines monument or memorial to include plaques located on state property and honoring a citizen of this state for military or war-related service. *See* Tex. Gov't Code Ann. § 2166.5011 (West 2008).

8

Appellants contend that the installation of the new dedication plaque[7] without approval from the Texas Historical Commission violated the statute concerning construction on state land of monuments or memorials for "Texas heroes of the Confederate States of America," among other events and persons of historical significance. *See* Tex. Gov't Code Ann. § 2166.501(a) (West 2008). "Before the erection of a new monument or memorial, the [Texas Facilities Commission] must obtain the approval of the Texas Historical Commission regarding the form, dimensions, and substance of, and inscriptions or illustrations on, the monument or memorial." *Id.* § 2166.501(d). The State argues that this statute does not apply to the new dedication plaque because it is not itself a new monument or memorial.

Upon its construction, the Supreme Court Building was expressly designated as a memorial to the Texans who served in the Armed Forces of the Confederate States of America. *See* Tex. Const. art. III, § 51-b. Although neither the old nor the new dedication plaques comprise the entire memorial, the new dedication plaque is new, it is an inscription, it is affixed to and on the memorial, and it is related to the memorial purpose.[8] The record indicates that, after

The statute permits removal, relocation, or alteration only by the legislature, the Texas Historical Commission, or the State Preservation Board unless the removal, relocation, or alteration is made only to accommodate construction, repair, or improvements. *Id.* Section 2166.5011 does not apply to the actions in this case, however, because it was not enacted or effective until several months after the plaques were changed. *See* Act of May 15, 2001, 77th Leg., R.S., ch. 377, § 7, 2001 Tex. Gen. Laws 700, 703-04 (eff. Sept. 1, 2001).

[7] Because appellants expressly "have no dispute with, nor request removal of, the first of the two New Plaques regarding equal access to Texas courts," we will constrain our review to the installation of the new dedication plaque.

[8] We note that the Supreme Court Building presents an atypical situation because of its dual-use nature. A classic monument or memorial is constructed with that single purpose, and inscriptions will tend to focus on that purpose. Here, the building is both a memorial and a

the removal of the original plaques, the new dedication plaque is the only plainly visible acknowledgment of the memorial nature of the building. We conclude, as a matter of law, that the new dedication plaque falls within the terms of government code section 2166.501 regulating the inscription of new memorials. Texas Historical Commission approval of the new dedication inscription was required. Appellees concede that they did not obtain that approval.[9]

We conclude that neither the Texas Constitution nor any cited statute prohibited appellees from removing the original plaques. We conclude, however, that the government code required that the appellees have the approval of the Texas Historical Commission before installing the new dedication plaque describing the memorial purpose of the Supreme Court Building. We affirm the trial court's grant of summary judgment to the appellees concerning the removal of the plaques. We reverse the trial court's grant of summary judgment to the appellees concerning the installation of the new dedication plaque. We also reverse the trial court's denial of appellants' request for attorneys' fees.[10] We render judgment declaring that the appellees' installation of the

working court office and courtrooms. We constrain our holding to the inscriptions relating to the memorial purpose.

This opinion is limited to inscriptions related to the memorial purpose in dual-purpose structures. We offer no opinion on non-memorial inscriptions on dual-purpose structures.

[9] We need not consider whether appellees' installation of the new plaque without approval of the Texas Historical Commission also violated government code sections 442.006 and 2165.255 because, even if a violation were shown, the relief granted appellants would be no greater. *See* Tex. R. App. P. 47.1 (opinions should be as brief as practicable while addressing all issues raised and necessary to the final disposition of the appeal).

[10] Because the trial court denied appellants' request for attorneys' fees in the context of a denial of all of appellants' requested relief, we also reverse the denial of an award of attorneys' fees to appellants. We remand for the trial court to determine what award of attorneys' fees, if any, is equitable and just in light of our holdings and the further proceedings on the merits. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2008).

new dedication plaque without Texas Historical Commission approval violated Texas Government Code section 2166.501. We remand to the trial court for further proceedings consistent with this opinion and judgment.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson;
    Chief Justice Law not participating

Affirmed in part; Reversed and Rendered in part; Reversed and Remanded in part

Filed:   March 26, 2010